McBride judge
delivered the opinion of the court.
Louis Picot brought an action of unlawful detainer before justice Hyde, of St. Louis county, against Masterson, and Masterson for a tenement in the city of St. Louis, and having obtained judgment, the defendants appealed to the circuit court, where, on motion, the plaintiff filed an amended complaint, setting forth that Ann Biddle, now deceased, leased the premises in question to one of the defendants, who went *304 into possession under said lease ; that before the expiration of the lease the said Ann Biddle departed this life, having previously made and published her last will and testament; that by said will the said lot of ground, leased as aforesaid, was devised to the plaintiff; that the will tif said Ann Biddle has been duly proved and admitted of record ; that the defendants term under his said lease has elapsed ; that possession has been demanded of the defendants, who now jointly Occupy the premises,- and that they refuse to deliver the possession thereof to the plaintiff* but unlawfully detain the same against him, &c.
The defendants moved to strike the amended complaint from the files* assigning, among other reasons, the following : “ The amended complaint is in direct opposition to the statute, (R. C. § 26, p. 517,) in setting forth the merits of the plaintiffs title to the land in question, which that section forbids to be inquired into ; and yet the plaintiff must (§16) prove his complaint as alleged, without any plea of the defendants, ” which motion the court sustained, and the plaintiff excepted, and has brought the case here by writ of error.
The defendants here, having obtained possession of the premises in question, under a plea from the plaintiff, there being no privity of contracts between him and the defendants, can maintain this summary proceeding of unlawful detainer to recover the possession of the premises leased by his testator.
It has been assumed by the counsel on both sides, that the question here involed was decided by this court in the recent case of Holland vs. Reed, 11 Mo. R. 605 ; but the appellants counsel insist upon a review of the law and the adjudged eases on the subject.
To sustain the plaintiff’s right to have this action, we' are referred to 2 Marsh. 204, where the court of appeal of Kentucky, held, that an heir who has never had possession, may obtain forcible detainer against the tenants of his ancestor, and furthermore, that a warrant of forcible detainer may be maintained by a purchaser of a revision against a tenant of his vender. 8 Dane 113. But, as remarked in the case of Holland vs. Reed, the statute of Kentucky, under which that decision was made, differs from our statute under which we must decide the question. The Kentucky statute reads thus: “If a tenant at will, after the execution of the will by his landlord, or other tenant, after the expiration of his term in the premises, refuse to restore the posession to his landlord, he should be judged guilty of a forcible detainer, and may be proceeded against accordingly : Provided, however, that if the tenant deny that he entered the premises as tenant to *305 the plaintiff, or to those under whom he claims, he shall not be adjudged a tenant within the meaning of this act, unless the plaintiff shall satisfactorily prove that the defendant obtained the possesssion as tenant to the plaintiff; or to the person or persons under whom the plaintiff holds, and that the defendant holds over. ”
Although the Kentucky courts have decided» as above Stated, under their statute, yet they have further decided that a “ warrant -of forcible entry and detainer cannot be maintained, unless the plaintiff hath had possession in fact of the land»” 1 Marsh 255; 3 Ib. 127; also, “a writ of forcible detainer is only maintainable when the occupant has entered under the demandant in vix-tue of a lease»” 722 Marsh 12. And again, “ to constitute a forcible detainei’, there must be actual force with strong band, unless the parties stand in the x'elation of landlord and tenant.” 3Marsh 296. “Deeds of conveyance may be introduced to-show the extent of the possession, but not to show the right of possession.” 4 Bibb. 312-501. And yet there may be no conflict in the decision of these several cases, when the facts of each one taken into consideration ; whilst, as we extract them from the digests, they are apparently irreconcilable.
The Kentucky statute evidently intends to give the action to one who holds the title, either by descent or purchase, directly from the lessor; whilst our statute intends to give the remedy only to the leasor. The only pretext for a different conclusion, upon a reading of the third section of the act (aside from adjudicated cases) is based upon the following language ; “ by the person having the legal right to such possession.” Although these terms are vague and general, yet We think they are rendered definite and certain by the following restriction contained in the 26th section : “the merits of the title shall in no wise be inquired into, or any complaint which shall be exhibited by virtue of this act. ” If we are to disregard this injunction so far as to permit an heir to show title under his action, why may we not further relax the rule, and permit a purchaser from the lessor to show his title and maintain the action ? Each title is equally meritorious in the eye of the law; each conveys or passes all the title which the lessor had at the time of making the lease. Then what substantial reason would forbid us to go a step further, and permit a party who claims title, derived immediately from the above, to maintain the action, he having the legal right to the possession ? And if tolerated, would it not render the 26th section wholly inoperative ?
The third and twenty-sixth sections, when read in connection, show *306 very clearly to our mind that it was not intended that any derivitive title should confer the right of action ; that the terms “ legal right, ” as used in the third section, must be construed to mean the right of immediate possession, irrespective, and independent of the legal title to the property. As if A should lease a house and lot to B for five years, and B should sub-let the same to C, for two years ; at the expiration of two years if, C should refuse to deliver possession, the right of action would accrue to B., he having the legal right of possession, although the legal estate might be in A. Or, according to the first branch of the section, if A should sub-let to C, for the whole of his term, and C at the expiration of his term refused to give possession, then A would be entitled to his action, the interest of B having expired.
The act appears to be framed upon the familiar principle, that the tenant shall not dispute the possession of his landlord; that having obtained possession of his landland he shall, at the expiration of his term, act in good faith by yielding the possession to him of whom he obtained it, thereby placing the party in the condition he was prior to his having parted with the possession; but as to all other persons, the tenant may require them to establish the right by which they seek to oust him of a possession peaceably and lawfully acquired. This requisition cannot be complied with in this form of action, hence the party seeking to turn the occupant out of possession, must bring his action in the ordinary form.
Although there is not in the Kentucky statute, as in ours, the same positive inhibition that the merits of the title shall in no wise be inquired into, yet the courts of that State, looking at the evident intention of the act, have held'that evidence of title is irrelevant and improper in an inquisition of forcible entry and detainer.
The statute of Alabama is similar in this respect to our own, and under their statute the appellate court of that State have held that the “ mere right of possession arising from the right of property, is not sufficient to authorize a recovery in this summary mode. The statute forbids any inquiry into the estate or merits of the title, on a complaint of this nature, and the plaintiff should have shown by his record, that he enjoyed the actual possession in person or by tenant. ” 1 Porter 146, and cases there referred to.
Wherefore, we see no sufficient reason to change the rule adopted in the case of Holland vs. Reed, 11 Mo. R. 605, and this case coming within the operation of that rule, the judgment of the circuit court ought to be affirmed, and the other judges concurring, the judgment is affirmed.