## JOSEPH W. REAY *v.* JOHN COTTER, GEORGE SPANAGEL, AND JAMES IRWIN.

RIGHT OF ASSIGNEE OF LANDLORD TO REMOVE TENANT.—If a landlord sells the leased property and assigns to the purchaser the lease, and the tenant does not attorn to the purchaser, or recognize him as landlord, the purchaser cannot recover possession of the premises from the tenant under the Act concerning forcible entries and unlawful detainers.

CONVENTIONAL LANDLORD ALONE CAN REMOVE TENANT.—The right to remove a tenant under the Act concerning forcible entries and unlawful detainers is given to the conventional landlord alone, and not to his successor in the estate.

APPEAL from the County Court, City and County of San Francisco.

The action was brought for holding over after the expiration of the lease.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence*, for Appellant, argued that the interest of a lessor in lands was assignable, with its remedies, and cited *Van Rensaeller* v. *Smith*, 27 Barb. 104.

*James B. Townsend*, for Respondent, argued that the right of the plaintiff to the possession of the premises depended wholly on his ownership, which could not be tried in this action, and cited *Youngs* v. *Freeman*, 3 Green N. J. 30; *Allen* v. *Smith*, 7 Hals. 199; *Childress* v. *McGehee*, 1 Ala. 133; *Holland* v. *Reed*, 11 Mo. 605; *Picot* v. *Masterson*, 12 Mo. 303; and *Devine* v. *Brown*, 35 Ala. 596.

By the Court, SANDERSON, C. J.

This is an action to recover possession of certain premises under the provisions of the Act concerning forcible entries and unlawful detainers.

It appears upon the face of the complaint that the premises in question were leased to James Irwin, one of the defendants, by one Richard M. Treadway, who subsequently sold and conveyed the premises by deed to the plaintiff, and also assigned and transferred to him the lease in question, which was in writing; but it does not appear, and it is not alleged, that Irwin subsequently attorned to the plaintiff or in any manner recognized him as his landlord.

An answer was filed, setting up several defenses, which it is not necessary to notice, for we propose to consider the case as if before us on demurrer to the complaint. When the case was called for trial the defendants moved that the case be dismissed, on the ground, in effect, that the Court had no jurisdiction over the case made by the pleadings, which was, as claimed by defendants, substantially an action of ejectment, and not an action within the meaning of the Act concerning unlawful detainers. The motion was allowed by the Court, and the plaintiff has appealed.

22

The only question presented by the record is as to whether the plaintiff, being the vendee of the original or conventional landlord, and as to the lease merely his assignee, can avail himself of the remedy provided by the Act in question, the tenant never having attorned to him; it being claimed on the part of the defendant that the remedy in question is given only to the conventional landlord and not to his grantees, devisees, heirs or assigns, unless the tenant shall have attorned to them.

Regarding the plaintiff merely in the character of assignee of the lease, he certainly could not maintain this or any other action for the possession, for by the assignment of the lease he acquired no reversionary interest in the land, but merely a right to receive the rent. If, then, he can maintain the action, it must be solely upon the ground that he has succeeded to the original landlord's title, and by operation of law become entitled to all the rights and remedies which he had.

Upon inspection of the fourth section of the Act (Statutes 1863, p. 653), it will be found that this remedy is conferred only upon "the landlord," and is not given in terms at least to his successors in estate. Is, then, the vendee or devisee, or heir (for they are all in the same category) of the landlord or lessor a "landlord" within the meaning of that section?

The Act in question was designed to afford a summary remedy for the recovery of land as against a conventional tenant who holds over contrary to the terms of the lease, thereby relieving the landlord from the necessity of resorting to the more costly and dilatory remedy afforded by the action of ejectment. It was not intended to apply to any case where the title to the land could be made a question, but only to cases where from the nature of the relation between the parties no such question could be made because prohibited by law. Where the conventional relation of landlord and tenant exists the law does not permit the latter to dispute the title of the former. He is estopped by his lease. Hence in such a case the landlord is not required to make proof of his title, but he may rest upon the lease and proof of a compliance on his part

with the provisions of the Act touching a demand for the possession. In such a case title is not and cannot be made a question. Where, however, the conventional relation of landlord and tenant does not exist, the latter is not so estopped, there being no privity between him and the plaintiff, and he may deny the title of the latter and put him upon the proof of his reversionary estate. To such a case the summary remedy afforded by the statute in question was not intended to apply, and a plaintiff who cannot rest upon the lease and is compelled in addition thereto, to make proof of his title to the reversion must seek redress elsewhere. For him this remedy was not intended.

In the present case the plaintiff, by his own showing, is not the conventional landlord. He is an entire stranger to the lease under which, as he alleges, the defendant holds. At the time the lease was executed, he had no estate in the premises and no interest in the reversion. On the contrary, his estate has come to him since that time by purchase, and the defendant has not since such purchase attorned to him or in any manner recognized him as his landlord. Hence, before he can recover, he must prove his purchase from the defendant's lessor by the production of a deed sufficient in law to pass the estate, and must prove its execution and delivery; or, in other words, he must prove his title, which is precisely what he is not allowed to do in this form of action.

For authority in support of the foregoing views the following cases are cited: *Allen* v. *Smith*, 7 Halstead, 199; *Youngs* v. *Freeman*, 3 Green, New Jersey, 30; *Holland* v. *Reed*, 11 Mo. 606; *Picot* v. *Masterson*, 12 Mo. 303.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.