J. W. BRUMMAGIM, ADMINISTRATOR OF THE ESTATE OF AMELIA MOSS, DECEASED, *v.* J. C. SPENCER.

FORCIBLE ENTRY AND DETAINER.—The general terms, " actions of forcible entry and detainer," as employed in the Constitution of this State, include actions for the unlawful holding over by tenants.

DEMAND BY LANDLORD ON TENANT WHO FAILS TO PAY RENT.—If a tenant holds over after rent has become due and remains unpaid for the space of three days, a demand by the landlord of the payment of rent and delivery of possession, both made at the same time, will enable him to maintain an action for unlawful holding over.   It is not necessary to demand rent, and wait three days, and then demand possession.

APPEAL from the County Court, Sacramento County.

The plaintiff sued, in the County Court, as administrator with the will annexed of the estate of Amelia Moss, deceased, and alleged in the complaint that his testatrix on the 2d day

of January, 1865, leased to the defendant a house and lot in
the City of Sacramento, and that defendant agreed to pay her
therefor eighteen dollars per month, payable on the second
day of each month, in advance, and that defendant had failed
to pay the rent which fell due on the 2d days of July, August,
September, October, and November, and that on the 7th day
of November, 1865, he demanded of defendant, in writing, that
he deliver him possession of the house and lot, and that he
pay the rent then due. It was also averred that plaintiff's
testatrix departed this life April 7th, 1865.

The defendant demurred to the complaint, because the
Court had no jurisdiction of the subject matter of the action,
it being an action for the recovery of the possession of real
property, and because a demand for possession of the demised
premises was not made three days after the demand for pay-
ment of rent.

The Court sustained the demurrer, and the plaintiff declining
to amend, gave judgment for defendant. Plaintiff appealed
from the judgment.

*Charles A. Tuttle,* for Appellant.

*Robinson & Dunlap,* for Respondent.

By the Court, RHODES, J.

The first ground of the defendant's demurrer is fully an-
swered by the case of *Caulfield* v. *Stevens,* 28 Cal. 118. In
that case we held that the general terms—" actions of forcible
entry and detainer "—as employed in the Constitution of this
State, included actions for the unlawful holding over by ten-
ants, and that jurisdiction of those actions was committed by
the Constitution to the County Courts.

The only remaining ground that requires attention, is that
the plaintiff does not allege a demand of the rent, previous to
the making of the demand for the surrender of the possession
of the premises. The Act of 1863, concerning forcible entries
and unlawful detainers, (Stats. 1863, p. 562) differs in some

respects from the earlier Acts upon the same subject.    Under those Acts, it was requisite to make a demand of the rent, and, after the expiration of three days, the rent remaining unpaid, to demand the delivery of the possession of the premises, and the failure of the tenant to pay the rent within three days after the demand of the possession of the premises, worked a forfeiture of the estate of the tenant.    By the amendatory Act of 1862 (Stats. 1862, p. 420) a clause was added to section thirteen, the object of which was to avoid the strictness required at common law, as to the time and place of making the demand of rent, and the amount of rent to be demanded, in order to work a forfeiture; but it was still necessary to demand the rent, and after the expiration of three days therefrom, to demand the possession, and the tenant then had three days further time in which to pay the rent, to save the forfeiture.

The third section of the Act of 1863 declares it to be unlawful for the tenant to hold over the lands after any rent has become due and remains unpaid for the space of three days; and section four prescribes that if the landlord shall make a demand in writing of the tenant after the rent has become due, that he deliver the possession of the premises, and the tenant shall refuse or neglect for the space of three days to pay the rent or quit the possession, the tenant "shall be deemed guilty of an unlawful detainer."    The intent of the statute, as gathered from sections three and four, in case of non-payment of rent, was to make the failure of the tenant to pay the rent within the space of three days after a demand of the possession of the leased premises, because of the rent being unpaid, operate as a forfeiture of the estate of the tenant.    The declaration of the statute, that in such case the tenant shall be deemed guilty of an unlawful detainer, necessarily implies a forfeiture of his estate in the leased premises.    Neither of those sections require that a demand of the rent shall be made previous to the demand of the possession of the premises.

The Act of 1863, after having provided for a forfeiture, as we have seen, retained the clause we have mentioned as added

to section thirteen by the amendatory Act of 1862, and it forms section five of the Act of 1863. Without that section, there would be no difficulty in holding that a demand of the rent was unnecessary; but the section must be read in connection with the other sections bearing upon the same subject matter, and be so construed, if possible, as to make the several provisions harmonize, and avoid a seeming inconsistency. Unless the section is disregarded entirely, we must hold that the rent should be demanded, for the provision that it shall not be necessary, in order to work a forfeiture, to make the demand on the day the rent becomes due, but that it may be made at any time within a year thereafter, and for the amount then due and unpaid, and that it may be made of the tenant in person elsewhere than on the premises, necessarily implies that a demand of the rent must be made before the landlord can proceed against the tenant as for a forfeiture. The demand of the rent must accompany or precede the demand of the possession. It would be useless after that time, for the tenant is required to pay the rent within the three days ensuing the demand of the possession, in order to save the forfeiture. We cannot hold that it must precede the demand of the possession either three days, as contended for by the defendant, or any other time, for the statute has not so provided, either expressly or by implication. We are, therefore, of the opinion that a demand of the rent, made at the time of making the demand of the possession of the premises, is a sufficient compliance with the requirements of the statute.

Judgment reversed and cause remanded, with directions to the Court below to overrule the demurrer.