# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## APRIL TERM, 1872.

[No. 2,111.]

## BRODISH JOHNSON, MOSES LAZARUS, AND FRANCIS W. BROOKS *v.* LOUIS CHELY.

ACTION AGAINST TENANT FOR HOLDING OVER.—In an action of unlawful detainer, against a tenant for holding over, the mere fact that the defendant has been in the quiet and peaceable possession of the premises for one year before the commencement of the suit, will not defeat the action.

IDEM.—In such action the relation of landlord and tenant must be shown to exist, otherwise the plaintiff cannot recover, and if that relation is shown to exist, the defendant must be permitted to prove, if he can, that he did not enter under the lease, but, being already in possession, was induced to accept a lease from the plaintiff by fraudulent and false representations that the plaintiff owned the property, when it belonged to another, and, if the tenant can show such state of facts, he is not estopped by the lease.

IDEM.—The rule in ejectment, that if the defendant can show that he did not enter under the lease, but, being already in possession, was induced by the plaintiff through false representations that he owned the premises, to accept the lease, that then this state of facts destroys the relation of landlord and tenant and removes the estoppel, is also the rule in an action of unlawful detainer against a tenant for holding over.

JURISDICTION OF COUNTY COURT.—The County Courts have jurisdiction of actions of unlawful detainer against tenants for holding over.

APPEAL from the County Court of the City and County of San Francisco.

The plaintiffs recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*B. S. Brooks*, for Appellant.

The County Court, under the Constitution, had no jurisdiction of the action. It was not intended that the summary proceeding provided for in the Act should be a substitute for the action of ejectment. (*Owen* v. *Doty*, 27 Cal. 502; *Hodgkins* v. *Jordan*, 29 Cal. 577.)

The defendant had a right to show that the relations of landlord and tenant did not exist between him and the plaintiff, because the action could only be maintained between those who hold that relation by express contract and directly; and in order to show that, the proof which he offered was pertinent—that is, to show that he did not enter under plaintiff; that being in possession of the property he was induced by fraud and false representations to attorn to the plaintiff and to recognize him as a landlord; but afterwards, finding out the falsity of these representations and the fraud which had been perpetrated upon him, he repudiated the plaintiff and attorned to the true owner. (*Tewksbury* v. *Magraff*, 33 Cal. 237; *McDevitt* v. *Sullivan*, 8 Cal. 592; *Walls* v. *Preston*, 28 Cal. 224; *Connor* v. *Jones*, 28 Cal. 59; *Henderson* v. *Allen*, 23 Cal. 519; *Wheelock* v. *Warshauer*, 34 Cal. 265; *Reay* v. *Cotter*, 29 Cal. 168.)

In an action of forcible entry and detainer all matters of legal excuse, justification, or avoidance, can be given in evidence under a general denial of the allegations of the complaint. (*Watson* v. *Whitney*, 23 Cal. 375.)

*Edward J. Pringle*, for Respondent.

If the latter part of section three thousand one hundred and thirty-eight (Hittell) refers to the whole Act, and not to cases of force only, it means that the landlord must bring his suit before the expiration of one year from the denial of his title, or from the last payment of rent; any other construction would defeat the main purposes of the remedy. The last rent was paid on November fifteenth, and the suit was brought on September fourth, thereafter.

The facts which the defendant sets up to avoid the lease constitute an equitable defense, if any, and the County Court has no jurisdiction. An equitable defense may be interposed to an action of ejectment, because under our system the same Court has jurisdiction as well of the equitable remedy invoked by the defendant, as of the legal remedy invoked by the plaintiff. When the defendant presents his equitable defense he becomes an actor, and his defense must have all the essentials of a bill in equity. (*Lestrade* v. *Barth*, 19 Cal. 671.) As such a bill could not be presented by a plaintiff to the County Court, it follows necessarily that the defendant cannot make himself actor or plaintiff by the presentation of such a defense. Such a defense involves the question of title.

In *Reay* v. *Cotter*, 29 Cal. 170, the Court said: "The Act in question was not intended to apply to any case where the title to the land could be made a question, but only to cases where, from the nature of the relation between the parties, no such question could be made because prohibited by law." * * * "In such case title is not, and cannot be made, a question."

In *Mecham* v. *McKay*, 37 Cal. 164, the Court says: "But a more valid objection, even than this, to the admissibility of this testimony, may perhaps be found in the fact that it is an attempt to try title in an action for unlawful detainer."

What is the appellant's offer in this case, but an attempt to prove that the true title is in Le Roy and not in the respondents?

By the Court, WALLACE, C. J.:

This is an action brought in the County Court of the City and County of San Francisco, under the provisions of the Act of April 27th, 1862 (p. 652), to recover of the defendant the possession of certain tenements as a tenant holding over after demand of rent due under a lease, and failure to pay such rent for the space of three days.

The complaint alleges that in 1867 the plaintiffs, Johnson, Lazarus, and Francis Brooks, as landlords, leased the premises to the defendant, to hold from month to month, at the rent of thirty-five dollars per month, payable in advance; that the defendant entered under said lease, and still occupies said premises; that on the 15th August, 1868, three hundred and fifteen dollars was due for rent; that on August thirtieth thereafter demand was made for a surrender of the possession, and that defendant refused to quit the possession, or to pay the rent due, etc.

The answer denies the making of the lease alleged, or any lease, or that the defendant went into possession thereunder; denies that any rent is due from the defendant to the plaintiffs; alleges that the defendant was in adverse possession in 1862, occupying the premises by himself and tenants for many years; that while so in possession the plaintiffs falsely represented to him that they were the owners in fee of the premises, and had been so adjudged to be by the Supreme Court of the State, and threatened to bring a suit against him unless he would attorn to them, etc. The answer further alleges that the defendant believed these statements of the plaintiffs, and, being induced and deceived thereby, he agreed to become their tenant, and under the influence of such

belief he did for some time thereafter pay rent to the plaintiffs; but in December, 1867, one Le Roy, who was the true owner of the premises, brought an action against the defendant for their recovery, and the defendant then ascertaining that the representation of the plaintiffs in that respect was false, and thàt Le Roy was the owner in fee of the premises, renounced and disavowed his tenancy to the plaintiffs, and became and still is the tenant of Le Roy.

At the trial the plaintiffs put in evidence the following agreement:

"This instrument witnesseth, That I, Louis Chely, have this day hired of George J. Brooks & Co., of the City of San Francisco, all that certain lot of land in said city situate on the westerly side of Battery street, and now known as number eight hundred and fifteen and eight hundred and thirteen Battery street, being thirty-five feet in width, for the term of two years from date, at the monthly rent of forty dollars per month, payable in gold coin every month in advance. And I, Louis Chely, do also agree to pay all assessments levied on said lot during said term, for the keeping of the street and crossings in repair.

"In witness whereof I have hereunto set my hand and seal, at the City of San Francisco, this 15th day of June, A. D. 1865.                         "LOUIS CHELY.

"In presence of G. W. H. Faulkner."

And proved in connection therewith that at the time it was signed by the defendant the firm of George J. Brooks & Co. was composed of Francis W. Brooks only, and that at the expiration of the term of two years mentioned in that instrument, the defendant not desiring "to take another written lease," had agreed with the agent of the plaintiffs that he would continue to occupy the premises at the rent of thirty-five dollars per month, and that under this arrange-

ment he had paid the rent up to November, 1867, making his last payment on that day.

The defendant moved for a nonsuit on several grounds; but the motion was denied, and this presents the first point for our consideration. The first and second grounds of the motion were, that there was a variance between the evidence and the complaint, in that the demise proved was not the one counted upon. But it is obvious that the demise counted upon and proven was that made in 1867, at thirty-five dollars per month, by the witness Howard, as agent for the plaintiffs, at the expiration of the term of two years, mentioned in the writing of date of June 15th, 1865. The third ground of the motion for a nonsuit was, that the evidence showed that the defendant had been in the quiet possession and occupation of the premises for more than one year before the commencement of the action.

The mere fact of the defendant having been in the quiet and peaceable possession for one year before the commencement of the suit would not defeat the action in this case. Such a possession would defeat an action counting upon a detainer by actual force, under section ten of the Act—the action here, however, is for an unlawful detainer—occurring by reason of occupation continued, with non-payment of rent due, though the rent was demanded within one year after it so became due—the proceeding being under sections three and four of the statute. The last ground of the motion was that the County Court had no jurisdiction of the action, but that the District Court alone has cognizance of such a case. This point, however, is answered by the cases of *Caulfield* v. *Stevens*, 28 Cal. 118; *Brummagim* v. *Spencer*, 29 Cal. 661, and *Mecham* v. *McKay*, 37 Cal. 154.

I am, therefore, of opinion that the motion for a nonsuit was properly denied.

Second—The Court below refused to permit the defendant to prove that he was already in possession of the prem-

ises when he agreed to become the tenant of the plaintiffs, and that they induced him to assume the relation of tenant to them by their fraudulent misrepresentation that they were the owners of the premises.

In this, I think, the Court was in error. In this action the relation of landlord and tenant must be shown to exist, otherwise the plaintiff cannot recover, and if the facts alleged by the defendant in these respects be established, the tenancy set up by the plaintiffs would be disproven.

In an action of ejectment the tenant cannot be permitted to dispute the title of his landlord. That is the general rule. If, however, the defendant in ejectment be able to show that he did not enter under the lease, but that being already in possession he was induced to accept a lease from the plaintiff, through deception and imposition practised upon him by the latter, then he is not estopped to dispute the title of the plaintiff. Such circumstances appearing destroy the relation of landlord and tenant, and so remove the estoppel, which must otherwise conclude the defendant by reason of such a relation existing, and the plaintiff is thus thrown back to establish his title in the ordinary way, if he can. He cannot turn the defendant out by mere force of such a lease.

I think that the same result must follow, so far as the defendant is concerned, in an action of unlawful detainer, in which a lease relied upon to establish the relation of landlord and tenant is shown to have been obtained under such circumstances as would not have estopped the tenant from disputing the title of the landlord in a Court in which the title could be tried. The defense, wherever set up, is of legal and not of merely equitable cognizance; and it is unreasonable that one who might rely upon that defense, if sued for the possession in the District Court, is not to be

CAL. REPS. XLIII—39

heard to do so in the County Court, and is thus to be turned out of possession because his adversary has summoned him to one Court of law instead of to another Court of law.

I am of opinion, therefore, that if the defendant prove his defense in this respect it must defeat the action in the County Court, where a recovery can only be had by establishing the relation of landlord and tenant to be existing between the parties.

Judgment reversed, and cause remanded for a new trial.