DAVID, J.
 

 Plaintiff secured judgment against defendant vendor of certain real property, for removal of the vendor from the premises and an award of damages for withholding possession. The proceeding was based on California Code Civil Procedure, section 1161a, subparagraph 4. To .prevail, a plaintiff must prove affirmatively that the property was “duly sold” and that “the title under the sale has been .duly perfected.” Contrary to the rule applying to unlawful detainer where the landlord-tenant relationship is involved, title thus becomes an issue.
 
 (Kelliher
 
 v.
 
 Kelliher
 
 (1950), 101 Cal.App.2d 226, 232 [225 P.2d 554].)
 

 Based upon decisions pertaining to landlord-tenant relationships, the trial court concluded that equitable defenses were not permitted, and refused to consider defendant’s defenses. Under Code of Civil Procedure, section 1161a, sub-paragraph 4, such defenses are proper, and the judgment must be reversed.
 

 Summarized, defendant’s defenses are, substantially, (1) fraud in the inducement for the relinquishment of the property; (2) delivery of the deed to plaintiff in violation of the terms and conditions of the' escrow; (3) unauthorized unilateral change in escrow instructions by plaintiff to effect the
 
 *Supp. 839
 
 delivery of the deed; (4) failure of consideration; (5) cancellation of the escrow and hence withdrawal of the defendant’s consent to the transfer before made; (6) rescission of the transaction, effected before the institution of this suit.
 

 In a case such as this it is essential that such issues be litigated, for otherwise a judgment in the unlawful detainer suit is res judicata as to them.
 
 (Bliss
 
 v.
 
 Security-First Nat. Bank
 
 (1947), 81 Cal.App.2d 50, 58 [183 P.2d 312];
 
 Freeze
 
 v.
 
 Salot
 
 (1954), 122 Cal.App.2d 561, 565 [266 P.2d 140], hearing denied, Supreme Court.)
 

 If grounds for rescission existed, the proper notice of rescission was given, then plaintiff at the time of institution of this suit had no title, and the “sale” after rescission is nonexistent, and may be declared so. (Civ. Code, §§1688, 1689;
 
 cf. Knight
 
 v.
 
 Black
 
 (1912), 19 Cal.App. 518 [126 P. 512]; equitable defenses permitted;
 
 Freeze
 
 v.
 
 Salot, supra
 
 (1954), 122 Cal. App.2d 561, 564, defenses against sale permitted).
 

 The division of the Code of Civil Procedure (pt. 3, tit. 3, chap. 4) in which section 1161a, subdivision (4), .is found is denominated as ‘1 Summary Proceedings for Obtaining Possession of Real Property in Certain Cases,” and prior to 1929, concerned forcible entries and detainers, and holding over by tenants beyond the terms of their tenancy. The doctrine in case of the landlord-tenant relationship is said to be that title will not be litigated in unlawful detainer proceedings. It has been often said that to do so would deprive the remedy of its summary character.
 

 But underlying such doctrine is the basic principle that a tenant is estopped to deny the title of his landlord.
 
 (Reay
 
 v.
 
 Cotter
 
 (1865), 29 Cal. 168, 170;
 
 Johnson
 
 v.
 
 Chely
 
 (1872), 43 Cal. 299, 305;
 
 Francis
 
 v.
 
 West Virginia Oil Co.
 
 (1917), 174 Cal. 168, 170 [162 P. 394].) Where the landlord-tenant relationship is shown to exist, title is not litigated; but if it is shown that the real issue is not possession, but title, then unlawful detainer is held not to lie.
 
 (Reay
 
 v.
 
 Cotter, supra.)
 
 It is erroneous to say that title is never in issue, for it is permissible to litigate it in connection with the existence of the landlord-tenant relationship
 
 (Steinback
 
 v.
 
 Krone
 
 (1868), 36 Cal. 303;
 
 Reay
 
 v.
 
 Cotter, supra,
 
 29 Cal. 168, 171). If the circumstances involve such fraud as the tenant could assert against the lease itself to invalidate it, this may be urged in an unlawful detainer proceeding
 
 (Johnson
 
 v.
 
 Chely, supra,
 
 43 Cal. 299, 305.) It is competent to show that the relation
 
 *Supp. 840
 
 ship is not that of ordinary landlord and tenant, but instead is a sale of an interest in the property.
 
 (Manning
 
 v.
 
 Franklin
 
 (1889), 81 Cal. 205 [22 P. 550]) or involves a partnership
 
 (Pico
 
 v.
 
 Cuyas
 
 (1874), 48 Cal. 639;
 
 Henderson
 
 v.
 
 Allen
 
 (1863), 23 Cal. 519, 521.)
 

 In
 
 Francis
 
 v.
 
 West Virginia Oil Co., supra
 
 (1917), 174 Cal. 168, it was held that a defaulting vendee in possession of real property was not a tenant in any sense, so as to permit the employment of Code of Civil Procedure, section 1161, applying to unlawful detainer; and that an action to eject such a person was not proper in unlawful detainer, in that he was entitled to show title undergirding his possession, and to present his equities and defenses. Specifically, it was held that default in the terms of an agreement of purchase of realty did not make the vendee a tenant of the vendor. (P. 171.) (Accord:
 
 Mertens
 
 v.
 
 Keene
 
 (1926), 77 Cal.App. 786 [247 P. 543].) Thereafter, in 1929, section 1161a was added to the Code of Civil Procedure to provide for removal of persons who continued in possession of real property following a sale if “the title under the sale has been duly perfected,” in those instances (1) where a sale results from an execution against the possessor, or (2) the foreclosure of a mortgage executed by the possessor, or (3) foreclosure under the terms of a deed of trust.
 
 American Nat. Bank
 
 v.
 
 Johnson
 
 (1932), 124 Cal.App.Supp. 783, 786 [11 P.2d 916], recognized that Code of Civil Procedure, section 1161a applies to situations where “strictly speaking” there is no landlord-tenant relationship. Tenancy is not a necessary incident to a sale and a three-day notice to deliver up possession does not create a tenancy. Code of Civil Procedure, section 1161a, covers other instances where dispossession by legal procedures is preferred to self-help. No doctrine of estoppel is involved, comparable to that between the landlord and tenant. Thus, upon a purported foreclosure sale under a trust deed, it is competent to assert in an action under Code of Civil Procedure, section 1161a, subdivision (3), that the trust deed was not in default, even though the finding to such effect depends in part- upon equitable estoppel of the beneficiary
 
 (Altman
 
 v.
 
 McCollum
 
 (1951), 107 Cal.App.2d Supp. 847 [236 P.2d 914]); and the validity of the sale and of the trustee’s deed was held to be so directly in issue in unlawful detainer that the judgment therein was res judicata
 
 (Seidell
 
 v.
 
 Anglo-California Trust Co.
 
 (1942), 55 Cal.App.2d 913 [132 P.2d 12]) and that ease is authority that lack of consideration for a note in question
 
 *Supp. 841
 
 was a legal issue to be determined in the unlawful detainer action (p. 922). Although there was a strong dissent, based in part upon
 
 Cheney
 
 v.
 
 Trauzettel
 
 (1937), 9 Cal.2d 158 [69 P.2d 832], the Supreme Court denied a hearing in the Seidell case. The holding in
 
 Altman
 
 v.
 
 McCollum, supra,
 
 pages 855-856, is to the effect that Code of Civil Procedure, section 89, relating to jurisdiction of municipal courts has expressly conferred upon them power to consider equitable defenses in suits under Code of Civil Procedure, section 1161a.
 

 As between the parties here, there appears to be a bona fide dispute whether the property has been duly sold and the title duly perfected.
 

 Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt.
 
 (Hocking
 
 v.
 
 Title Ins. & Trust Co.
 
 (1951), 37 Cal.2d 644, 649 [234 P.2d 625, 40 A.L.R.2d 1238]), which includes good record title
 
 (Gwin
 
 v.
 
 Calegaris
 
 (1903), 139 Cal. 384 [73 P. 851]), but is not limited to good record title, as between the parties to the transaction. The term “duly” implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all. If there is want of performance or want of true consent the title cannot be said to be perfected. (Civ. Code, §§ 1567-1589.) The court in an unlawful detainer under Code of Civil Procedure, section 1161a, subdivision (4), has jurisdiction to determine the validity of such defenses.
 

 If delivery of the deed violated the instructions, or if they were altered by plaintiff without defendant’s authorization, there was no sale, and no rights can be derived therefrom by plaintiff.
 
 (Los Angeles City H.S. District
 
 v.
 
 Quinn
 
 (1925), 195 Cal. 377, 383 [234 P. 313];
 
 Sousa
 
 v.
 
 First California Co.
 
 (1950), 101 Cal.App.2d 533, 538-539 [225 P.2d 955]; note, 48 A.L.R. 405.) While one case states that forgery could not be set up in unlawful detainer proceedings under Code of Civil Procedure, section 1161a
 
 (Higgins
 
 v.
 
 Coyne
 
 (1946), 75 Cal.App.2d 69, 75 [170 P.2d 25]), we cannot reconcile this with the other cases nor with the code, since proceedings based upon a forged deed certainly cannot “perfect the title.” No bona fide purchaser is involved here. A forgery is a nullity
 
 (Marlenee
 
 v.
 
 Brown
 
 (1943), 21 Cal.2d 668. 677 [134 P.2d 770]); and so is delivery of a deed pursuant to instructions if they, as alleged, were altered by the plaintiff and his
 
 *Supp. 842
 
 partner without any knowledge or authorization of the defendant.
 

 Quite independently of any ground of rescission, it is alleged that the defendant cancelled the escrow in which the deed was impounded on or about September 20, 1957. The deed was recorded September 26, 1957. Suit herein was filed November 22, 1957. If the escrow was validly cancelled before a valid delivery of the deed, then plaintiff cannot claim immediate possession. If the cancellation operated as a breach of contract, there still would not necessarily have been a sale. An unlawful detainer proceeding is not a substitute for an equitable action for specific performance even if it should be claimed the vendor has breached his contract.
 

 It follows, therefore, that the judgment must be reversed, and the cause remanded for a new trial.
 

 Bishop, P. J., and Swain, J., concurred.