Filed 8/29/16;  published by order of Supreme Court 11/30/16 (see end of opn.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

APPELLATE DIVISION

| | |
|---|---|
| U.S. FINANCIAL, L.P. as Trustee, etc.,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL McLITUS,<br><br>        Defendant and Appellant. | Appellate Division No.: 37-2016-00200116-CL-UD-CTL<br>Trial Court Case No.:    37-2015-00035881-CL-UD-CTL<br>Trial Court Location:    Central Division<br><br>**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT** |

APPEAL from the January 20, 2016 unlawful detainer judgment entered by the Superior Court San Diego County, Gary G. Kreep, Judge.  Following argument on August 25, 2016, this matter was taken under submission.

REVERSED and REMANDED.

Code of Civil Procedure section 1161a requires a plaintiff to have both perfected the sale and the title in order to bring a summary unlawful detainer action for possession. (Code Civ. Proc., § 1161a, subd (b)(3) ["Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, *and* the title under the sale has been duly perfected."[1] (Italics

---

[1] Section 2924h of the Civil Code merely defines when the *sale* is duly perfected:  "The trustee's *sale* shall be … deemed perfect as of 8 a.m. on the actual date of the sale if the trustee's deed is recorded within 15 calendar days after the sale…." (Italics added.)

added.)].)

> It has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized may not be given due to the summary nature of the proceedings. [Citation.] ….
>
> The remedy of unlawful detainer is a summary proceeding to determine the right to possession of real property. Since it is purely statutory in nature, it is essential that a party seeking the remedy bring himself clearly within the statute. [Citation.]

(*Baugh v. Consumers Associates, Limited* (1966) 241 Cal.App.2d 672, 674-675.)

Contrary to the plain reading of the statute, the trial court erroneously concluded "… that under California Civil Code section 2924h(c), *title* is deemed perfected as of 8 a.m. on the date of the sale because the trustee's deed upon sale was recorded within 15 calendar days." (Statement of Decision, italics added.)

In this case, the sale was perfected at the time the three-day notice was served, but not the title. Thus, the plaintiff could not provide defendant with a valid three-day notice. The court below mixed the issues of sale and title, but perfecting title is not interchangeable with perfection of the sale under this statutory scheme.

Unless and until the Plaintiff has duly perfected title, an unlawful detainer action for possession is not yet ripe for determination. (*Stonehouse Homes v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 540-541.)

> Title is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt..., which includes good record title..., but is not limited to good record title, as between the parties to the transaction. The term 'duly' implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all.

(*Kessler v. Bridge* (1958) 161 Cal.App.2d Supp. 837, 841.)

As stated by the California Supreme Court: "The property must be sold by public auction to

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

the highest bidder (§ 2924h) to whom title is transferred by a trustee's deed. *Thereafter, upon recording of this deed*, the purchaser is entitled to bring an unlawful detainer action against the trustor in order to get possession of the property. (Code Civ. Proc., § 1161a.) [Fn. omitted.]" (*Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 275, italics added.) And as more recently reiterated by the Court of Appeal in *Salazar v. Thomas* (2015) 236 Cal.App.4th 467: "*After the trustee's deed has been recorded*, the purchaser is entitled to bring an unlawful detainer action against the borrower-trustor or his or her successor to obtain possession of the property. [Citations.]" (*Id.* at p. 480, italics added.)

"A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.] (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.)

A defective notice cannot support an unlawful detainer judgment for possession. Respondent's interpretation, on the other hand, would suggest that a post-foreclosure plaintiff could routinely prematurely issue a three-day notice that includes legal and factual misstatements (e.g., that the purchaser has already duly perfected title when it had not yet done so). And as argued by Appellant, such a practice would practically prevent a defendant from effectively verifying the identity of the alleged purchaser of a property as a search of recorded documents would prove futile.

Absent a sale in accordance with Section 2924 of the Civil Code *and* a duly perfected title prior to the issuance of the notice, a post-foreclosure purchaser cannot avail itself of a summary unlawful detainer eviction proceeding.

Respondent's prematurely issued notice was fatally defective, and the unlawful detainer judgment must be reversed. This matter is remanded to the trial court to vacate the January 20, 2016 judgment and to conduct any further proceedings as necessary consistent with this Decision.

Appellant is awarded costs on appeal.

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Unanimously reversed and remanded.

KERRY WELLS
Presiding Judge, Appellate Division

JAY M. BLOOM
Judge, Appellate Division

CHARLES R. GILL
Judge, Appellate Division

Counsel for Appellant Michael McLitus:
JENNIFER POPLIN, ESQ.
LEGAL AID SOCIETY OF SAN DIEGO, INC.
1764 SAN DIEGO AVE., SUITE 200
SAN DIEGO, CA 92110
619-471-2783

Counsel for Respondent U.S. Financial, L.P. as Trustee, 909 Monserate Ave Trust dated
10/16/2015 (substitution of attorney filed 03/18/16):
JOHN D. FEHER
1919 GRAND AVE SUITE 2F
SAN DIEGO, CA 92109
858-246-6636

Trial Court:  The Superior Court, San Diego County, Gary G. Kreep, Judge.

---

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Filed 12/2/16

San Diego County Superior Court Appellate Division,
No. 37-2016-00201116-CL-UD-CTL

**S237852**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

_____

909 MONSERATE AVENUE TRUST, Plaintiff and Respondent,

v.

MICHAEL McLITUS, Defendant and Appellant.

_____

The order filed on November 30, 2016, ordering publication of the Appellate Division opinion is amended as to the title and text of the order as follows:

U.S. Financial, L.P., as Trustee, etc., Plaintiff and Respondent,

v.

Michael McLITUS, Defendant and Appellant.

The Reporter of Decisions is directed to publish the Appellate Division opinion in the above entitled matter in the Official Reports. (Cal. Rules of Court, rule 8.1120(a)(1).)

_____

*Chief Justice*