[S. F. No. 267.   In Bank.—January 16, 1896.]

HORACE W. PHILBROOK, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

SUSPENSION OF ATTORNEY—EFFECT OF JUDGMENT—RIGHT TO PROSECUTE ASSIGNED CAUSE OF ACTION—QUESTION OF GOOD FAITH—DUTY OF COURT.—A judgment of suspension of an attorney at law only prevents his appearance in court when he represents another, and does not extend to prevent an appearance for himself upon a cause of action in his own favor, or which has been transferred to him in good faith; but the superior court is bound to give due effect to the judgment of the supreme court suspending the attorney, and to inquire whether the transfer is genuine or simulated merely to evade the judgment of the court, and the trial court should first satisfy itself not only that the rights of the adverse party would be protected under the substitution of the assignee, but also that the transfer was not simulated, or an invasion of the judgment of suspension.

ID.—MANDAMUS TO COMPEL SUBSTITUTION OF ASSIGNEE.—Where the order refusing to allow a suspended attorney to appear in his own person for

the purpose of prosecuting a cause of action assigned to him, is not based upon any finding that the assignment was not made in good faith, but was made after declared recognition by the court of the good faith and sufficiency of the assignment, a writ of mandate will issue compelling the court to allow him to conduct personally in his own interest and behalf and on the part of the nominal plaintiff the cause of action assigned to him.

PETITION in the Supreme Court for writ of mandate to the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the Court.

*Horace W. Philbrook,* in *pro. per.*

*R. E. Houghton,* for Respondent.

HENSHAW, J.—Samuel W. Latz commenced an action in the superior court of the city and county of San Francisco against Louisa A. Greenhood, executrix, appearing therein in person and not by attorney. After this action was at issue and ready for trial Horace W. Philbrook, petitioner herein, presented to the judge of the court a written transfer and assignment by Latz to himself of Latz' interest and cause of action in said suit, and applied to the court for an order substituting himself in place of Latz as plaintiff therein.

In response to this application an order was made as permitted by the code, continuing said action in the name of Latz for the benefit of Philbrook. (Code Civ. Proc., sec. 385.)

Thereafter the cause coming on for trial petitioner herein appeared in person asserting the right in his own interest and on his own behalf to conduct the case of the plaintiff in the action so being prosecuted for his benefit.

The court, upon objection made by defendant's attorney, refused to allow him to do so, and the case coming thus to a standstill it was continued to await a determination of the question. It is under these circumstances that application is made to this court for a writ of mandate.

The refusal of the trial judge, as fully appears by the transcript of the proceedings had in his court, and here made a part of his answer, was based solely upon what he deemed to be his duty in the premises under the judgment of this court suspending said Philbrook from his office of attorney-at-law. (*In re Philbrook*, 105 Cal. 471; 45 Am. St. Rep. 59.)

In making that refusal the judge said: "A few days ago you came here with a written assignment from Mr. Latz to yourself, from which it appears that you are the assignee and owner of the claim—a claim for services on behalf of Mr. Latz originally. I accept that assignment as made to you, as I have stated before, in perfect good faith that you are the owner of that claim, and, in conformity with the code of this state, upon your motion, I made an order that this action should be prosecuted under the name of Mr. Latz, but for your benefit as the assignee.

" Now, you attempt here to present this case on your own behalf, as you say; and the suggestion is made by Mr. Houghton as an attorney of this court . . . . that you cannot present this matter as an attorney. I think he is right about it. I think I should be in contempt of the supreme court myself if I allowed such an evasion of their judgment.

" If the action was in your own behalf, as I suggested a moment ago, if you had met with personal injury to yourself say a year ago, and you were suing the railroad company, for instance, you would have a right, and the disbarment proceedings would not affect you; if money was due you, owing to you, you would have a right to present the case; but I don't think that you have a right to buy claims that are in process of litigation, and come in here and present before the court and jury a cause of action in that form. If that were not so, it would enable you to do indirectly what the supreme court says you cannot do directly. In other words, you are evading the decision of the supreme court against you; and,

therefore, I do not think that I should permit you to appear."

It thus appears that the order of refusal was not based upon any finding in fact or in effect that the assignment was not made in good faith, or that as between the parties it was a simulated transfer not meant to carry title. Upon the contrary, it was made after declared recognition and acceptance by the court of the good faith and sufficiency of the assignment.

Under the facts thus presented the court mistook the scope of the judgment of suspension. That judgment did not, and did not attempt to limit petitioner in the exercise of any rights formerly enjoyed by him, saving those pertaining to the office of attorney at law. One acts as an attorney at law only when he represents another, not when he appears for himself. Petitioner, having the undoubted right lawfully to acquire any form of property, has equally the right to its perfect enjoyment, and, as a necessary incident to that right, the full power accorded to all of appearing in person to prosecute or defend all actions for its protection or preservation. And this power is not, as the court held, limited to the prosecution or defense in person of property rights owned by this petitioner at the time of the commencement of any action affecting them. His right to acquire a chose in action, and to protect in person his property in it when acquired, is not cut off by the fact that it may, at the time of acquirement, be already the subject of litigation.

What has been said presupposes a *bona fide* transfer of the chose in action, such a transfer as the court assumed or found to exist. It by no means follows, however, that petitioner's right to appear in person would be determined, as he argues, by the fact that the transfer is such as to leave to defendant no valid ground of objection to the substitution. A defendant's right is to have a cause of action prosecuted against him by the real party in interest. But, as has been elsewhere pointed out, his concern ends when a judgment for or

against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him were the claim prosecuted by the real owner. (*Giselman* v. *Starr*, 106 Cal. 651.)

It matters not to the defendant whether in truth the transfer be genuine or simulated, so long as in law it is sufficient to protect him.

But the concern of the trial court under the circumstances is quite different. It is bound to give due effect to the judgments of this tribunal. Its duty, therefore, is not alone to determine whether or not the transfer is such as will protect the defendant, but equally to determine whether the transfer be genuine, or simulated to evade the judgment of this court. To a genuine transfer, as has been said, the judgment of this court has no application. But a simulated transfer would carry no interest, and, under such circumstances, a party would be asking a substitution that he might prosecute or defend in person rights which in fact belonged not to him but to another.

In such a case, therefore, the trial court should satisfy itself, 1. That the rights of the adverse party would be protected under the substitution asked, and, 2. That the transfer is not simulated and in evasion of the judgment of this court; and only when so satisfied should it make its order permitting the substitution.

A writ of mandate should issue directing the superior court of the city and county of San Francisco, and the judge of department seven thereof, to permit plaintiff herein to conduct personally, in his own interest and behalf, and on the part of the nominal plaintiff, Samuel W. Latz, the action in question.

TEMPLE, J., BEATTY, C. J., VAN FLEET, J., GAROUTTE, J., and HARRISON, J., concurred.