## IN THE MATTER OF HARRY T. MILLS, AN ATTORNEY AT LAW.

### ORIGINAL.

TRIED JUNE 14, 15, 22, 1906.    DECIDED JUNE 22, 1906.

#### FREAR, C.J., HARTWELL AND WILDER, JJ.

ATTORNEY—*disbarred for altering document and making false certificate.*

An attorney is disbarred for materially altering an executed document without the authority of its signers and adding to it a false certificate of acknowledgment.

### ORAL OPINION.

FREAR, C. J. The case is so clear that it is unnecessary to reserve the decision for further consideration or indeed to review the evidence at length. Unfortunately for the respondent the court is not obliged to decide the case solely upon oral testimony, which naturally is somewhat conflicting as between the witnesses for the prosecution and those for the respondent. The most potent evidence against the respondent is of a documentary character, supplemented, as it is, by oral testimony.

The statute (Sec. 7 of Act 67 of the Laws of 1905) provides that no liquor license shall be issued for any premises without the written consent of a majority of the property holders within a distance of one thousand feet and that that consent shall be acknowledged as are deeds when entitled to record and filed with the application. The respondent was engaged as an attorney at law to procure such consent for a liquor license for certain premises in the district of Kona on the Island of Hawaii. He obtained one of the printed forms issued by the treasury department for the purpose and filled

in most of the blank spaces with ink, but the space for the proposed licensee's name was inserted in pencil, the name being at that time "C. M. Tai." After the signatures of some, if not all, of those who signed the document, were obtained, he substituted in ink, without the knowledge or consent or authority of at least some of the signers, the name of Chang Sun in place of the name of C. M. Tai, which was erased. He also added to the document in his capacity as notary public a certificate of acknowledgment, in which he certified that all of the signers, some eighteen in number, naming them, personally appeared before him on the first day of July, 1905, and acknowledged their execution of the document, and that all of them were identified by one J. Kaelemakule, Jr., on oath,—the truth being that some of the signers did not appear or acknowledge the execution of the document at all, some of those who did acknowledge it did so on other dates, some, if not all, were not identified by Kaelemakule on oath or at all, and the respondent himself was well acquainted with a number of the signers.

This conduct shows such a want of integrity on the part of the respondent and such a lack of appreciation and disregard of the obligations of his official duty as render him unfit to be allowed to practice in the courts of the Territory or to be held out to the confidence of the public as an attorney at law.

Accordingly, the judgment of the court is that the respondent, Harry T. Mills, be disbarred and that his name be stricken from the roll of attorneys and counselors at law in the courts of the Territory of Hawaii.

*M. F. Prosser, Deputy Attorney General,* for the prosecution.

*C. W. Ashford* for the respondent.