of the partnership and the consequent liquidation. (Sections 1310 and 1337 of the Civil Code.) To this effect are the following decisions: Decision of the General Directorate of Registries, September 28, 1884; decision of the same body of April 24, 1879; judgments of the Supreme Court of Spain of October 20, 1880; February 25, 1885; and June 8, 1886. Likewise the decision in the case of *Reade* v. *De Lea*, 95 Pac., 131, a New Mexico case, appears to establish the same principle.

The note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

---

## IN RE DÍAZ.

### MOTION to obtain authorization to appear and defend in person.

No. 3.—Decided December 13, 1910.

ATTORNEY SUSPENDED FROM THE PRACTICE OF HIS PROFESSION—APPEARANCE AND DEFENSE IN PERSON.—An attorney who has been suspended from the practice of his profession has a perfect right to appear before any court in defense of his own rights notwithstanding the suspension, and no authorization is necessary therefor, especially where it does not appear that such right has been denied him.

The facts are set forth in the order.

The petitioner appeared in his own behalf.

As this court recognizes the right of the petitioner to appear before any of the courts of this Island in defense of his own rights, and as it does not appear that such right has been denied him, in view of the decision of the Supreme

Court of California in the case of *Philbrook* v. *Superior Court,* 111 Cal., 31, and that of this court in the case of *Agustín Hernández Mena* v. *The District Court of Mayagüez* (15 P. R. Rep., 251), of May 7, 1909, the authorization requested is considered unnecessary and the petition is denied.

*Denied.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary dissented.

---

FINLAY *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 2.

No. 61.—Decided December 14, 1910.

APPEAL FROM DECISION OF REGISTRAR OF PROPERTY AFTER EXPIRATION OF TIME ALLOWED BY LAW.—Where an appeal is taken from a decision of the registrar of property by the party in interest after the expiration of the time allowed by law, the appeal must be dismissed.

The facts are stated in the opinion.

*Messrs. Muñoz & Brown* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of San Juan, under date of February 7, 1907, noting a curable defect in an instrument presented for record.

The first appeal was taken on January 10, 1910. This court dismissed said appeal on January 31 of the same year, in view of the provisions of section 3 of the law providing for