## IN RE HARRY T. MILLS.

## No. 130.

### PETITION FOR REINSTATEMENT.

ARGUED MARCH 28, 1916.                    DECIDED APRIL 5, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

ATTORNEY AND CLIENT—*disbarment—reinstatement.*

> On an application for reinstatement by a disbarred attorney it must be made to appear that the applicant has accepted and fully acquiesced in the judgment of disbarment, and where, by the applicant's own showing, it appears that he has not fully acquiesced in such judgment, his petition for reinstatement will be denied.

*Per curiam*: This is a petition of Harry T. Mills praying this court to set aside its judgment of disbarment rendered against him at its October term, 1905. The petition sets forth that petitioner was admitted as a member of the bar of this court on the 16th day of January, 1905; that on or about the 22d day of June, 1906, as the result of a trial upon certain charges which had been theretofore made to this court against petitioner a judgment was entered in and by this court whereby petitioner was disbarred and his name stricken from the roll of attorneys and counsellors at law in the courts of the Territory of Hawaii. As grounds why he should now be reinstated, it is alleged "That during nine years last past, or thereabouts, this petitioner has resided in the said County of Honolulu and has demeaned himself as a lawabiding and respectable citizen; that petitioner feels that his exclusion from the bar and from the privileges appertaining to membership thereof, including the opportunity to earn a livelihood in the practice of his profession, during almost ten years last past, has been and is sufficient punishment for any wrong that he may have committed

and in respect of which said judgment of disbarment was pronounced." These are the only grounds for relief set forth in his petition. In support of his petition, endorsed thereon and attached thereto, he has filed a recommendation signed by a majority of the members of the bar of this court residing in the first judicical circuit and by the three judges of the circuit court of the first judicial circuit, in the following language: "We, the undersigned, being members of the bar of the supreme court of the Territory of Hawaii, hereby respectfully recommend that the foregoing petition be granted." The petition of Mr. Mills, as well as the recommendation of the bar, so numerously signed, deserve and have received our careful consideration. We do not deem it necessary to review the proceedings in the action for disbarment. They are fully stated in the opinion of the court *In re Mills,* 17 Haw. 564. In the present proceeding the propriety and justice of the judgment of disbarment are not questioned, nor for that matter, are they admitted by the applicant, the petition somewhat evasively stating that the punishment he has undergone "during almost ten years last past, has been and is sufficient punishment for any wrong *that he may have committed,* and in respect of which said judgment of disbarment was pronounced." In passing upon the application for reinstatement the court will presume that everything stated in the opinion of the court in the disbarment proceeding was justified by the evidence (*Danforth* v. *Egan,* 119 N. W. 1021).

As to the correct practice in the matter of making application for reinstatement, and as to the contents of the application, whether in the form of a motion or a petition, we are in thorough accord with the views expressed by the supreme court of Ohio *In re Disbarment of Thatcher,* 83 Ohio St. 246, 248, where the following appears:

"Having been removed from the bar he may, in accordance with what we conceive to be correct practice, file a

written motion expressly accepting the judgment of the court as to ethical requirements, and offering such reasons as he may have for the conclusion that his reinstatement is justified by the considerations upon which a select few of the masses of the citizens of the state are permitted to enter and remain at the bar to participate in the high function of administering justice."

But here, however, as did the court in the *Thatcher* case, we will accept the petition in that respect as sufficient.

After the filing of the petition the court called upon Mr. Mills to make a statement as to what extent, if at all, he had engaged in the practice of law since the entry of the judgment of disbarment. From the statement of the applicant it appears that for something less than a year after the entry of the judgment of disbarment he resided in Kona, Hawaii, and did not engage in any business or occupation; that for approximately nine years last past he has been conducting a collection business at Honolulu and taking assignments of claims to himself, upon which, in many instances, he brought suits in his own name in the various courts of the Territory. In these actions upon such assigned claims petitioner drew the pleadings, appeared in court in his own behalf, examined witnesses and had general charge of the cases to judgment and execution. Some of the claims upon which actions were instituted as aforesaid petitioner purchased outright; others he took assignments of upon the payment of a nominal consideration, under an agreement with his assignor that if he recovered the money from the debtor, by suit or otherwise, he would pay a stated cash sum or a percentage of the amount collected to the assignor, that if no money was collected from the debtor no payment was to be made to his assignor other than the nominal sum paid at the time of the assignment. Petitioner paid all the costs and expenses of suits brought by him, and contends that he was the absolute owner of all the claims upon which he

brought suit, whether acquired by absolute purchase or in the manner last above described; that he had a right to appear in his own behalf and prosecute all of these claims and that such appearance on his part was not in disobedience of the judgment of disbarment entered against him. In support of this position petitioner cites the case of *Philbrook* v. *Superior Court,* 111 Cal. 31. We make no question of petitioner's right to appear in his own behalf and prosecute to judgment the claims purchased by him outright *in good faith,* but as to the second class of claims —those that were assigned to petitioner under an agreement back that he would undertake the collection of same and if successful pay to the assignor a stated sum or an agreed proportion of the amount collected—we hold the view that such transactions constituted an evasion of the judgment of disbarment and amounted to nothing more nor less than the appearance in court of petitioner as an attorney upon a contingent fee. We think this view is in thorough accord with the holding of the court in the *Philbrook* case *supra,* where, on page 35, the court said: The duty of the trial court "is not alone to determine whether or not the transfer is such as will protect the defendant, but equally to determine whether the transfer be genuine or simulated to evade the judgment of this court." See also *Cobb* v. *Judge of Superior Court,* 43 Mich. 289. While it may be true that under the assignment petitioner took the legal title to the claim and could prosecute the same under statutes which exist in many of the code States providing that actions shall be brought by the real party in interest, there can be no doubt but that the assignor was the equitable owner of the claim or at least a portion of the proceeds that might be collected thereunder. This, to our minds, is the test as to whether petitioner was the owner in good faith of this class of claims, within the meaning of the *Philbrook* case.

It further appeared from the statement of petitioner, made to the court, that he would be unable to comply with the requirements of the existing supreme court rule relative to the qualifications for admission to practice as an original applicant. Authorities are not lacking to the effect that a petition for reinstatement should not only set forth the facts touching the proceedings in disbarment, with reasons why the petitioner should be reinstated, but should also in all respects comply with the rules applicable to the admission of candidates to practice law in the first instance; that the status of a disbarred attorney is the same as that of one who has never been admitted to practice (*In re Newton,* 27 Mont. 182; *In re Boone,* 90 Fed. 793; *State* v. *Swan,* 60 Kan. 461, 56 Pac. 750; *Danforth* v. *Egan,* 119 N. W. 1021.

In the view that we entertain, that the petitioner has not fully acquiesced in the judgment of disbarment since the same was pronounced against him, it will be unnecessary for us to pass upon the question of his qualifications under the present rule of court, this being a matter which we believe may properly be made the subject of a rule of court as applicable to cases which may possibly arise in the future.

Upon the presentation of the petition counsel for petitioner argued that the only question involved was whether petitioner had been sufficiently punished. With this view we are not in accord.

"On an application for reinstatement by one who has been removed from the bar, the sole question to be determined is whether the granting of his application would probably be promotive of the right administration of justice." *Disbarment of Thatcher,* 83 Ohio St. 246.

In the disbarment proceeding the punishment of the attorney was neither involved nor considered. *In re Thatcher, supra,* 246, 248. A statement in the petition, as the sole ground why the applicant should be reinstated,

that in his (the applicant's) opinion he has been sufficiently punished, which opinion is presumably shared by the attorneys who recommend petitioner's reinstatement (although the attorneys, in endorsing the petition and recommending the granting thereof, assign no reasons therefor), is not sufficient. *In re Enright,* 69 Vt. 317, 37 Atl. 1046; *In re Pemberton* (Mont.), 63 Pac. 1043. The rule applicable to the reinstatement of disbarred attorneys is well stated in 2 R. C. L. 1114, as follows:

"Whether or not the applicant shall be reinstated appears to be a matter left to a great extent to the sound discretion of the court. The action of the court on such application will, generally speaking, depend on whether or not the court decides that the public interest, in the orderly and impartial administration of justice, will be conserved by the applicant's participation therein in the capacity of an attorney or counsellor at law, and the character of the act leading to an attorney's disbarment is also a large factor in determining whether he should be reinstated."

Holding, as we do, that petitioner has not fully acquiesced in the judgment of this court disbarring him, but that, on the contrary, by his own showing, he has evaded the same, we deny the petition.

Petition denied.

*J. W. Cathcart* and *L. Andrews* for petitioner.

*I. M. Stainback,* Attorney General, *amicus curiae.*