[Sac. No. 4102. Department Two.—December 11, 1928.]

MAUDE M. BERTSCHMAN, Appellant, v. GEORGE F. COVELL et al., Respondents.

Hawkins & Hawkins for Appellant.

A. J. Carlson, Vernon F. Gant and Young & Hudson for Respondents.

RICHARDS, J.—The plaintiff prosecutes this appeal from a judgment in the defendants' favor after the sustaining of a demurrer to her amended complaint, the plaintiff declining to further amend. The plaintiff was the holder of a mortgage upon certain real property in Stanislaus County, owned by one Blanche B. Morton, who prior to the making of said mortgage had made, executed, and delivered to the defendant Western American Realty Company, as trustee for the defendant Anglo-California Trust Company, a trust deed to secure the payment of a promissory note to the latter for the sum of one hundred thousand dollars, and which trust deed had been duly recorded prior to the execution of the plaintiff's mortgage. Blanche B. Morton having defaulted in her payments upon the aforesaid note the trustee proceeded to sell the property covered by both these encumbrances at trustee's sale. It is not disputed that notices of default and of the election to sell under the terms of the deed of trust were duly made, given and recorded as required by the terms thereof, nor is it disputed that the notice of sale was duly and regularly given by the trustee for the prescribed period, nor is there anything in the record to show that the plaintiff was not made fully aware of the foregoing facts and of the time and place of said sale prior to the holding thereof. The record disclosed that Blanche B. Morton subsequent to the creation of said encumbrances had leased the property covered thereby to one W. W. Cox, who had engaged in farming operations thereon and was so engaged at the time of the giving of the trustee's notice of default and election to sell the property under said trust deed. Thereafter and before said sale Cox purchased and became the owner of said note and of the deed of trust securing the same and was the owner thereof at the time of such sale. On the date of the sale and at the place thereof one R. G. Hudson, a member of the law firm of Young & Hudson, who were attorneys for the trustee, appeared and assuming that he had power so to do, proceeded to conduct said sale and to continue the hold-

ing thereof to a later date, upon which he proceeded to hold said sale, offering the property for sale in a single parcel and selling the same to the defendant George F. Covell who bid fifty dollars more therefor than the amount of one hundred thousand dollars due upon said note with interest and of the added cost of the sale. The property thus being sold to Covell, he recognized the lease of Cox and permitted him to retain possession and to summer-fallow and harvest the crop. Blanche B. Morton, the maker of said note and its security, has never, so far as the record discloses, objected to said sale on account of any irregularities occurring therein, and, while made a defendant in this action, has not appealed.

The plaintiff makes two main contentions upon this appeal. The first of these is that the trustee's sale was irregularly conducted because of the fact that R. G. Hudson, who appeared and assumed to act as the agent of the trustee, had no authority so to act, and that in so acting he exercised a discretion in the making of said sale and appeared in the matter of postponing the date thereof which the trustee was alone empowered to exercise, and which it could not lawfully transfer to another. There is no merit in this contention, for while it may be true that Hudson had not prior to said sale been constituted the agent of the trustee by any express or formal authorization to act, he was, as a member of the law firm representing such trustee, at least informally designated as its agent to conduct said sale. The deed of trust expressly provides that the sale thereunder may be conducted by the trustee or its agent, and even if it be conceded that the appointment of Hudson to act as the agent of the trustee in the premises was informal, such informality would be cured by the subsequent ratification of the act of its said agent by the trustee, consisting in a receipt of the money which was the proceeds of said sale and the execution of the deed to the transferee of the purchaser at such sale. (*Pacific V. & P. Works* v. *Smith,* 152 Cal. 507 [93 Pac. 85]; *Union Trust & Realty Co.* v. *Best,* 160 Cal. 263 [116 Pac. 737].)

The appellant's other contention is, we think, equally without merit. It is, as alleged in her complaint, that the defendants Cox and Covell, who were present at said sale for the purpose of becoming bidders thereat, had entered

into an agreement not to bid against each other, the consideration therefor being the agreement of Covell to convey the property to Cox for the amount bid thereon at the conclusion of the sale. Assuming the existence of such an agreement it does not follow that the plaintiff would be entitled to take any advantage thereof for the purpose of having such sale avoided. The only person who would be entitled to complain of such an agreement between bidders would be the debtor, Blanche B. Morton. The plaintiff, as the junior mortgagee, had at all times the right to protect her own security by paying off or purchasing the prior encumbrance, or by being present at said sale and bidding for the property a sufficient amount to protect her own security. She did none of these things and she makes no showing in her complaint that the aforesaid agreement between Covell and Cox in any way prevented the plaintiff from becoming a bidder at the sale or otherwise interfered with competitive bidding thereat. The action of Covell and Cox in agreeing between themselves as to the amount to be bid at the sale would be in nowise wrongful with respect to the rights and interest of each other or with respect to the rights and interests of any other person save and except the debtor herself, and could in nowise be made the basis of an attack upon the regularity of the sale in question on the part of a mere subsequent encumbrancer whose only rights in the premises are those above set forth.

No error appearing in the record, the judgment is affirmed.

Shenk, J., and Langdon, J., concurred.