[S. F. No. 14617. In Bank.—January 16, 1933.]

ALAMEDA COUNTY HOME INVESTMENT CO. (a Corporation), Respondent, v. W. A. WHITAKER et al., Appellants.

Fred W. Lake for Appellants.

Clark, Nichols & Eltse for Respondent.

THE COURT.—This is an appeal from a judgment for the plaintiff in an action to recover possession from the defendants of certain real property pursuant to the provisions of section 1161a of the Code of Civil Procedure.

The defendant W. A. Whitaker was the owner of an apartment house called The Whitaker Arms in Berkeley and of a dwelling-house adjacent thereto, also divided into apartments, both of which were rented by said defendant for income purposes. On July 12, 1927, Whitaker executed a first deed of trust on the apartment house to American Securities Company, as trustee, to secure repayment of a loan of $60,000 made by Fidelity Mortgage Securities of California. This loan was due in one year. It was subsequently transferred to Fidelity Guaranty Building and Loan Association. At the same time Whitaker executed a deed of trust of the dwelling-house to secure a loan of $7,000, on similar terms, from Fidelity Guaranty Building and Loan

Association. On October 1, 1928, Whitaker executed a second deed of trust on the apartment house to American Trust Company, as trustee, to secure a note to the plaintiff for $10,924.93, due in one year and providing for monthly payments of $200 on the principal. All of the notes and deeds of trust contained the usual acceleration clauses. The deeds of trust provided that the defendant Whitaker should pay all fire insurance premiums, taxes, assessments, etc.

It was alleged in the complaint that on January 3, 1930, the whole of the principal of said note for $10,924.93 remained due and payable and unpaid with accrued interest and that certain taxes remained unpaid; that on said last-named date the plaintiff caused a notice of breach and election to sell to be executed and recorded; that the trustee under said second deed of trust pursuant to said recorded notice duly published and posted notice of sale and sold at public auction said Whitaker Arms apartment property subject to said first deed of trust to the plaintiff who was the highest bidder for cash at said sale; that on June 10, 1930, said trustee executed to the plaintiff its trustee's deed of said real property and that by virtue of said sale the plaintiff is the owner, subject only to said first deed of trust, and entitled to the possession of said property. The plaintiff also based its right of recovery of possession upon a chattel mortgage and assignment of rentals, made a part of the complaint, which was executed by the defendant Whitaker as further security for all three of said loans in consideration of the plaintiff's extending the maturity date of said second deed of trust. The complaint contained allegations of the defendant Whitaker's breach of the provisions of said second deed of trust and of said chattel mortgage and assignment of rentals, and of other matters upon which it also sought and obtained the appointment of a receiver. The defendants' answer denied generally the allegations of the complaint. The trial court found for the plaintiff on all the issues and rendered judgment accordingly.

The defendants make numerous points on this appeal. First it is contended that because of the stipulation and admission of the plaintiff in open court that by virtue of the sale, since the commencement of the action and before trial, of the apartment property under the first deed of trust to Fidelity Guaranty Building and Loan Association the lat-

ter was and is the sole owner of said real property, the plaintiff has failed to prove title and ownership in itself. The defendants' motion to bring in the party succeeding to the plaintiff's interest was denied by the trial court. This ruling was not error. Section 385 of the Code of Civil Procedure provides that in the case of any transfer of interest other than that caused by the death or disability of a party, the action may be continued in the name of the original party, or the court may allow the person who succeeds to the interest to be substituted in the action. That section must be deemed to control the defendants' contention. Discretion rested with the trial court to allow the action to continue in the name of the plaintiff.

The next contention of the defendants is that the agreement for the extension of the maturity date of the loan was an agreement for an absolute extension to January 12, 1930, and that the sale under the second deed of trust was therefore premature and void. There is no evidence in the record which supports this contention. The evidence to the contrary fully supports the trial court's finding that the agreement included the provision that the extension was conditioned upon the terms thereof being complied with by the defendant Whitaker and that upon the latter's default the acceleration provisions of the deed of trust would be in effect. No serious contention is or can be made that Whitaker did not default in payment of rentals and otherwise under the terms of the agreement which provided for cancellation of a previous notice of breach theretofore filed and reinstatement and extension of the loans, and of the deed of trust. Nor can we consider seriously the contention, apparently made here for the first time, that the plaintiff waived the defendants' default by accepting a payment of $400 made by him on January 9, 1930, after notice of breach had been given and recorded, especially in the absence of a finding or ruling in the record respecting the application of said payment upon which an assignment of error could be based.

The main contention made by the defendants is that the notice of sale under said second deed of trust was not published or posted in accordance with law. The record shows that notice of trustee's sale, designating the time and place of sale, viz., May 22, 1930, at the Center Street en-

trance of the Merchants Bank Building, 2080 Center Street, Berkeley, California, and otherwise conforming to legal requirements, was posted on April 29, 1930, in three of the most public places in the city of Berkeley, and on the property described in the notice. The notice was also duly published. The complaint alleges and the court found that at the time and place fixed for the sale the trustee by proclamation duly and regularly continued the sale to May 29, 1930, at the same hour and place. Subsequently, at the last-mentioned time, the sale was similarly continued until June 5, 1930, and again until June 10, 1930, at the hour of 2 o'clock, when the sale, without any further posting or publication of notice, actually took place. The deed of trust provided that the "trustee may, from time to time, postpone any sale" to such time as it may elect by proclamation made at the time and place previously appointed for such sale.

Since 1917 the Civil Code, section 2924, with respect to sales under a deed of trust, has provided for notice of the time and place of sale in the manner and for a time not less than that required by law for sales of real property under execution. Section 692 of the Code of Civil Procedure prescribes those requirements. The power of the officer conducting the sale to postpone the sale by public proclamation (see 10 R. C. L., p. 1302; 41 C. J. 966, 967; 2 Freeman on Executions, p. 1666) appears to have been recognized in the case of *Bertschman* v. *Covell*, 205 Cal. 707 [272 Pac. 571]. No cogent reasoning nor any authority is presented by the defendants to support their contention that, where the borrower has agreed to the postponement in the manner provided by the trust deed, either his constitutional rights or the policy of the law as to notice have been infringed or violated. In this case the original notice giving the trustee jurisdiction to act was published and posted as provided by law and the terms of the deed of trust, and no abuse of the power in the conduct of the sale by the trustee is or can be shown from the record before us.

■ The further point that the evidence does not show that the notices remained posted for twenty days preceding the day noticed for the sale may not be made in this proceeding. Notwithstanding the provision of the deed of trust that the recitals in the trustee's deed of any facts relating to the validity of the latter instrument shall be conclusive

proof of the facts recited, we find in the evidence proof of the required posting of notice.

It will be unnecessary to discuss other contentions made by the defendants. The allegations in the complaint were sufficient, there is no valid objection to the granting of relief on the ground that other lending companies were not joined in the action, and the findings are supported by the evidence and in turn support the judgment.

The judgment is affirmed.

Rehearing denied.