[Civ. No. 14973. First Dist., Div. One. May 15, 1951.]

DONOVAN RUBY et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Donovan Ruby, Helen Ruby and John P. Andrews, in pro. per., for Petitioners.

Herbert Pothier, Marcel E. Cerf, Robinson & Leland for Respondents.

THE COURT.— This court denied the petition for an alternative writ of mandate because we were of the opinion that mandate could not control the refusal of the trial court to substitute John Andrews as one of the parties plaintiff. We are still of that opinion. The trial court interrogated the alleged assignee, a layman, and came to the conclusion that he was merely being brought into the case so that he could, in the guise of appearing in propria persona, in fact represent the petitioners. The record demonstrates that this finding is supported by the evidence and the reasonable inferences therefrom. A substitution intended to permit a layman to practice law should not be permitted. (13 Cal.L.Rev. 323, 325; 33 Cal.L.Rev. 622.) Whether a motion to substitute shall be granted under section 385 of the Code of Civil Procedure is discretionary with the trial court. (*Fay* v. *Steubenrauch*, 138 Cal. 656 [72 P. 156]; *Alameda County Home Inv. Co.* v. *Whitaker*, 217 Cal. 231 [18 P.2d 662].) Unlike *Philbrook* v. *Superior Court*, 111 Cal. 31 [43 P. 402], so heavily relied upon by petitioners, here the trial court was justified in finding that the basic purpose of the assignment was to permit a layman to practice law.

The petition for a rehearing is denied.

Permission to file a second petition for rehearing was denied May 29, 1951, and the following opinion was then rendered:

THE COURT.—The petition for a writ of mandate was filed on May 1, 1951. On May 5, 1951, it was denied without opinion. A petition for rehearing was filed on May 9, 1951, and denied, with opinion, on May 15, 1951. On May 29, 1951, petitioner has tendered for filing a document entitled ''Petitioners' Petition for a Rehearing, also Ultimatum.'' While this court has power to consider a petition for rehearing for 30 days after rendition of its order of denial, such petition

for rehearing should be filed within 15 days of the rendition. The last day for filing such a petition in this case was May 20, 1951. This petition is tendered nine days late, and no excuse is offered for its late filing.

■ While this court has power on a proper showing to permit a late filing, such permission is hereby denied, not only because no excuse for the late filing is tendered, but also because an examination of the document demonstrates that, were it filed, it would be a contempt of the appellate court.

■ The document contains threats, insinuations and charges against the integrity of both the appellate court and the superior court. Such a document, if filed, would subject petitioners to a charge of contempt of the appellate court. (See cases collected 5 Cal.Jur. p. 900, § 10.)

Permission to file the document is refused.

Petitioners' application for a hearing by the Supreme Court was denied June 25, 1951, and an application for reconsideration by the Supreme Court was denied June 28, 1951.