[Civ. No. 7681. Second Appellate District, Division Two.—February 20, 1931.]

FANNIE G. CHEATHAM, Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

A. E. Putnam for Petitioner.

No appearance for Respondents.

THOMPSON (IRA F.), J.—This is an application for the writ of mandate by which it is sought to compel the respondent court to dismiss an action in unlawful detainer. The alternative writ was not issued, the petitioner preferring to bring the matter on for hearing upon notice to the respondent. From the petition it appears that D. W. Henderson filed a complaint in the municipal court (the petition fails to state the date), alleging a sale of certain property pursuant to the terms of a trust deed executed by the defendant, the petitioner herein; that the plaintiff became the purchaser thereat; that the plaintiff had served the defendant with a notice to vacate which she had refused to do; that he had been damaged in the sum of $50, the rental value of the property to the time of the filing of the complaint; and that the rental value of the property was $35 per month. The defendant in that action, the petitioner here, interposed a demurrer to the complaint on the grounds (so far as we are able to judge from the very ambiguous pleading) that there was an action pending between the same parties in the superior court involving the ownership and possession of the property, and that the value of the real property was more than $3,000 and hence the court had no jurisdiction of the action. A pleading denominated an answer was also filed setting up *verbatim* the same matter contained in that which was called a demurrer, and no more. The demurrer was overruled and after trial held on November 10, 1930, judgment was rendered in favor of the plaintiff for the possession of the property and $35. On August 12, 1930, the petitioner filed a complaint in the superior court against Henderson and others, alleging that she had entrusted certain real and personal property to defendants as security, and that the defendants had failed to account to plaintiff for it but had sold the property and embezzled the proceeds, and praying for a return of the property or for a reasonable compensation in the sum of $17,000 together with a like sum for "intentionally and maliciously taking, detaining, converting, embezzling said property and conspiring to wrongfully deprive plaintiff thereof." Henderson interposed a general demurrer which was sustained by the court on August 27,

1930, with ten days to the plaintiff there, the petitioner here, to amend. Plaintiff filed no amended complaint and for her default in that particular the motion of the defendant Henderson for judgment was granted, and the cause dismissed on September 22, 1930. On November 25, 1930, plaintiff gave notice that she appealed from the judgment in *Cheatham* v. *John Doe Jackson (Henderson) et al.*, filed October 2, 1930, although as we have seen, the judgment was apparently rendered September 22, 1930. This further discrepancy may be noted—the notice of appeal refers to action numbered in the superior court 106,316, whereas the action to which we have heretofore referred is 107,316.

■ Was the respondent court bound to determine that the pendency of the action in the superior court was good ground for the abatement of the action in the municipal court? It is difficult to designate the superior court action. It was not an action to recover the real property. In fact, so far as appears in the petition before us the description of the property was not set forth in the complaint. The statement is made in the complaint that the property was entrusted to the defendants as security, but as security *for what* we are not told. We are told that the defendants sold the property and refused to account. But whether they sold it pursuant to the terms of the agreement or contrary thereto, is not disclosed other than as we are able to imagine from a statement, which as an allegation of fact is utterly without merit, that ''defendants have conspired among themselves and others unknown to plaintiff to deprive her of said property and legal rights, without due process of law and in violation thereof''. It is obvious, however, that the complaint totally fails to state a cause of action and it is also patent that the title claimed by the plaintiff in the municipal court as the foundation for his action was acquired by a trustee's deed on September 6, 1930, or a month lacking six days after petitioner's action in the superior court was filed. In *Leonard* v. *Flynn*, 89 Cal. 535–541 [23 Am. St. Rep. 500, 26 Pac. 1097, 1098], it is said: ''A plaintiff may have two suits against the same defendant for the recovery of the possession of the same land pending at the same time, if the second is brought on a title acquired after the commencement of the first. (*Vance* v. *Olinger*, 27 Cal. 358; *Mann* v. *Rogers*, 35 Cal. 318; *Larco* v. *Clements*,

36 Cal. 132; *Murray* v. *Green*, 64 Cal. 368 [28 Pac. 118].)"
This concludes the petitioner in this particular, although it should be added that no judgment could have been rendered under the pleading presented which would have been a bar to the action commenced in the respondent court.

All that is necessary to demonstrate that the municipal courts have jurisdiction of unlawful detainer actions where the damages sought are no greater than here involved is to quote subdivision 2 of section 29 of the Municipal Court Act (Stats. 1925, p. 658) as amended in 1929 (Stats. 1929, p. 838), which provides that they shall have jurisdiction of "All actions of forcible entry or forcible or unlawful detainer, where the rental value is two hundred dollars or less per month, and where the whole amount of damages claimed is two thousand dollars or less".

Writ denied.

Works, P. J., and Craig, J., concurred.