BISHOP, J.
A demurrer, on the ground that the trial court had no jurisdiction of the subject matter of the action, having been sustained without leave to amend, the judgment appealed from was entered. Plaintiff was seeking to recover possession of some real estate located within Santa Monica Township, which he had purchased at a trust deed foreclosure, and for the purpose attempted to pursue the summary proceeding now authorized by section 1161a of the Code of Civil Procedure. The value of the property involved is not stated, but we assume that it exceeds $1,000. Its monthly rental value is alleged to be less than $100, more nearly $75. The question thus presented is whether or not the justice’s court of Santa Monica Township, a township of over 30,000 population, has jurisdiction of an action for summary possession authorized by section 1161a of the Code of Civil Procedure; to this question we give an affirmative answer.
The provisions of sections 112 and 1161a of the Code of Civil Procedure should be before us. In part, section 112 reads: “The justices’ courts shall have jurisdiction as follows : 1. In . . . judicial townships, having a population of thirty thousand or more, said court shall have original jurisdiction in all cases at law in which . . . the value of the property in controversy, amounts to one thousand dollars or less; of all actions of forcible or unlawful entry or detainer where the rental value is one hundred dollars or less per month, and where the whole amount of damages claimed is one thousand dollars or less.”
*Supp. 785 Section 1161a is as follows:
“In either of the following eases, a person who holds over and continues in possession of real property, after a three day written notice to quit the same, shall have been served upon him, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in section 1162 of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter. 1. Where the property has been duly sold by virtue of an execution against him, or a person under whom he claims, and the title under the sale has been duly perfected. 2. Where the property has been duly sold, upon the foreclosure, by proceedings taken as prescribed in this code, of a mortgage or under an express power of sale contained therein, executed by him, or a person under whom he claims, and the title under the foreclosure has been duly perfected. 3. Where the property has been duly sold in accordance with section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected. ’ ’
The section just quoted, it will be observed, does not define the actions for possession therein authorized, as actions for forcible entry or detainer or unlawful detainer, and they do not fall within the definitions of those actions as contained in the preceding sections 1159, 1160 and 1161. Therefore, if the legislature always selected its words with care, so that the intent could be measured by the exactness of the terms employed, the answer to our problem would be plainly indicated. But, unfortunately, in many instances the intent is not to be found in a strict interpretation of the language of a statute (see illustrations, 23 Cal. Jur. 738, and Gallagher v. Campodonico, (1931) 121 Cal. App. (Supp.) 765 [1 Cal. Supp. 205, 5 Pac. (2d) 486]), and we do not so find it here.
Turning our attention again to sections 1159, 1160 and 1161, we find that they define three terms: forcible entry, forcible detainer and unlawful detainer. Unlawful entry is a term not recognized. Nevertheless, in 1929, at the same session when section 1161a was written into our law, *Supp. 786 section 112 was amended to include for the first time references to these summary remedies, and it purports to give to the justices’ courts jurisdiction over actions of forcible or unlawful entry. Sections 1159, 1160 and 1161 have defined the three causes of action since 1872, yet until 1929 the justices’ courts would have had no jurisdiction over any action of unlawful detainer had a strict interpretation been given to the code sections, for jurisdiction was expressly given over actions of forcible entry and detainer only. (Secs. 113 and 1163; Code Civ. Proc., prior to their repeal, and sec. 11, art. VI, state Constitution, prior to 1924.) In spite of the silence of these sections and the. Constitution as to actions of unlawful detainer, it was held that justices’ courts were given jurisdiction over them. (Ivory v. Brown, (1902) 137 Cal. 603 [70 Pac. 657]; Richmond v. Superior Court, (1908) 9 Cal. App. 62 [98 Pac. 57]; and see the early cases cited in Ivory v. Brown.) A fair indication of the common viewpoint of the whole matter is found in a statement appearing in Francis v. West Virginia Oil Co., (1917) 174 Cal. 168 [162 Pac. 394] : “The mortgagor is not a tenant within the meaning of the unlawful detainer act.” There is, of course, no unlawful detainer act other than that chapter of the Code of Civil Procedure entitled: “Summary proceedings for obtaining possession of real property in certain cases.” In this “unlawful detainer act” we now find section 1161a, under which the action before us was brought.
Within section 1161a, furthermore, we find a clue to the legislative intent. Bearing in mind that prior to the enactment of this section in 1929 the action of unlawful detainer required the conventional relation of landlord and tenant (Francis v. West Virginia Oil Co., supra), and being conscious of the obvious fact that you cannot have a subtenant without having a tenant to whom he is subordinate, we can only interpret the words “subtenant”, twice appearing in section 1161a, as indicative of the legislative understanding that for the purposes of the summary remedy, one holding over after he had been given a three days’ notice to quit, in any one of the three instances set forth, was a tenant of the owner of the fee. Had the legislature intended to have a different jurisdictional rule apply *Supp. 787 to actions to oust the tenants and subtenants thus recognized by section 1161a, from that applying to actions to oust those who are, strictly speaking, tenants and subtenants, it would, we believe, in amending section 112 of the Code of Civil Procedure, at the same session when it adopted section 1161a, have made use of terms other than the historically generic ones employed. We conclude that the jurisdiction given to justices’ courts by section 112 of the Code of Civil Procedure, includes those actions authorized by section 1161a.
This conclusion is in accord with Cheatham v. Municipal Court, (1931) 112 Cal. App. 114 [296 Pac. 305], where the matter is not discussed, but where, seemingly, it is assumed that an action brought under section 1161a of the Code of Civil Procedure is one for unlawful detainer.
We have predicated our statement that the case is one in which relief is sought under section 1161a of the Code of Civil Procedure largely on the following allegation of the amended complaint: “That on February 1, 1932, plaintiff became the owner in fee of said premises and entitled to the possession thereof by virtue of a sale of said property to the plaintiff in accordance with section 2224 of the Civil Code, under power of sale contained in a Deed of Trust executed by the defendants Frank 0. Johnson and Florence W. Johnson.” No other attempt is made to state the facts relating to the trust deed and sale on which plaintiff relies. The portion of the complaint just quoted defendants attack by a special demurrer for uncertainty, pointing out that conclusions of law and not facts are stated. We find that this demurrer was well taken, for the averments are not of ultimate facts, but of conclusions of law; a defect which an amendment might cure. As the trial court indicated that he sustained the demurrer upon the jurisdictional ground, a request for leave to amend would have been futile, so its absence does not require us to affirm the judgment which follows the order sustaining the demurrer without leave to amend. (Estate of Palmieri, (1932) 120 Cal. App. 698 [8 Pac. (2d) 152].) Incidentally, we note that there are no allegations in the complaint to support the prayer for damages at the rate of $10 per day.
*Supp. 788 The judgment is reversed, with costs of appeal to appellant. Plaintiff may, if it be so advised, file a second amended complaint within ten days after service upon it of written notice that the remittitur from this court has been filed.
McLucas, P. J., and Shaw, J., concurred.