[Civ. No. 2000. Fourth Appellate District.—August 12, 1937.]

EMILE J. DELPY, Executor, etc., Appellant, v. MASA-YOSHI ONO et al., Respondents.

Roland T. Williams for Appellant.

Jesse George for Respondents.

BARNARD, P. J.—This is an action in unlawful detainer to recover possession of real property after a sale under a deed of trust. Judgment was for the defendants and the plaintiff appealed. The plaintiff has since died and his executor has been substituted. For convenience we will refer to the original plaintiff as the appellant.

In 1926 the appellant sold eighty acres of land in San Diego County conveying the title thereto to the respondent Shoichi Nakamura, a Hawaiian-born Japanese. The fathers, or in one case the uncle, of the four sets of minors who are named as defendants and respondents herein, took possession of the land and improved it. In 1928 an action was brought by the attorney-general to have the title to this property declared escheated to the state. A judgment in that action was reversed on appeal. (*People* v. *Nakamura,* 125 Cal. App.

268 [13 Pac. (2d) 805].) That action has never been retried and is still pending in the Superior Court of San Diego County. In 1931 the appellant received from Shoichi Nakamura and Chiyo Nakamura, his wife, a note for the balance of the purchase price, secured by a trust deed on the property. The note was not paid and the property was sold under this deed of trust on August 24, 1935, the appellant purchasing the land at the sale. Prior to that sale and during the year 1934, Shoichi Nakamura and his wife by separate deeds conveyed twenty acres of said land to each of the four sets of minors. Each of said minors was born in California and all of them were under the age of fourteen years at the time these deeds were executed and recorded.

In this action which followed the appellant alleged that he was the owner of this trust deed; that he recorded notice of default and election to have the property sold; that pursuant to section 2924 of the Civil Code the trustee named in the trust deed issued its deed conveying the property to him; and that he had served on the respondents a demand that they surrender possession of the premises within three days. In their answer the respondents attacked the validity of this trust deed by setting forth allegations tending to show that the transaction was from the beginning a conspiracy between the parties to evade the Alien Land Law and that it was entered into and carried out with that intent and purpose in mind. The court admitted evidence in support of those allegations over an objection that such an attack upon the validity of the trust deed and note could not be made in an action brought under the provisions of section 1161a of the Code of Civil Procedure since such an action concerned merely the possession of the property and the title thereto was not involved. The court found that the trust deed in question had been executed and recorded, that notice of default had been recorded, that the property had been sold in accordance with section 2924 of the Civil Code, that the trustee named in the trust deed had conveyed the property to the appellant, and that demand for possession had been served. However, the court made further findings sustaining the above-mentioned allegations of the answer. From these facts the court concluded that the appellant was not entitled to any relief.

█ The first and controlling question presented is as to whether the evidence relating to the violation of the Alien Land Law was properly received and whether such an issue, as to the validity of the trust deed under which the sale was had, could be raised and decided in this form of action.

It is well settled that the broad question of title cannot be raised in an action in unlawful detainer. In proceeding under section 1161a the purchaser at a sale under a deed of trust must prove his acquisition of title by purchase at the sale. To this limited extent the title is involved and it has been held that the defendant in such an action may attack the sufficiency of the sale. (*Hewitt* v. *Justice's Court*, 131 Cal. App. 439 [21 Pac. (2d) 641] ; *Alameda County Home Inv. Co.* v. *Whitaker*, 217 Cal. 231 [18 Pac. (2d) 662] ; *Pacific States S. & L. Co.* v. *O'Neill*, 7 Cal. (2d) 596 [61 Pac. (2d) 1160] ; *Mortgage Guarantee Co.* v. *Smith*, 9 Cal. App. (2d) 618 [50 Pac. (2d) 835].) In *Cheney* v. *Trauzettel*, 9 Cal. (2d) 158 [69 Pac. (2d) 832], it was held that matters affecting the validity of the trust deed or obligation secured thereby could not be tried in this form of action. In its opinion in that case, the court said:

"Irrespective of the merits of the defenses raised by the answer, the alleged equitable grounds of attack on plaintiff's title have no place in the present summary proceeding, for if such issues are permissible, the proceeding entirely loses its summary character. In our opinion the plaintiff need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment." (See 9 Cal. (2d) 160 [69 Pac. (2d) 833].)

The appellant herein proved a sale in compliance with the statute and the deed of trust and his purchase at such sale. The defense interposed was an attack upon the validity of the trust deed and the note secured thereby. Under the case last cited the evidence in support of this issue was inadmissible and the findings in connection therewith lend no support to the judgment.

The views above expressed make it unnecessary to consider the other question raised, as to whether the trust deed was in fact void as a part of a transaction in violation of the Alien Land Law.

For the reasons given the judgment is reversed.

Jennings, J., concurred.