[Civ. No. 19713. Second Dist., Div. Three. Jan. 18, 1954.]

EMELYN FREEZE, Appellant, v. ALEXANDER SALOT, Respondent.

Emelyn Freeze, in pro. per., for Appellant.

Robert F. Shippee for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment entered on an order sustaining the demurrer of defendant Salot to a second amended complaint without leave to amend.

The only matter that may be considered is whether the second amended complaint, referred to as the complaint, states facts sufficient to constitute a cause of action.

The material allegations of the complaint are these:

1. On July 3, 1944, plaintiff, being the owner of a parcel of realty, executed a deed of trust to secure a promissory note for $3,060.75 in favor of L. G. and Mary P. Robinson. On August 9, 1951, the Robinsons recorded a notice of default which stated that default had been made by plaintiff in making payments on the note. On December 14, 1951, in conformity with the deed of trust, the property was sold to defendant Salot. On January 14, 1952, the trustee executed a deed of the property to Salot. On December 17, 1951, Salot deeded the property to defendant Aguilar. This deed was recorded on January 14, 1952.

2. Upon information and belief, Aguilar is the *alter ego* of Salot; and they each purchased the property with full knowledge that it was being sold as a result of a foreclosure and, under such circumstances, were charged with notice of any deficiencies against the note executed by plaintiff.

3. At the time the notice of default was recorded, plaintiff was not in default. The note had been fully paid. Plaintiff never received a copy of the notice of default and had no knowledge of the fact that the property was to be sold on December 14, 1951.

4. Thereafter, plaintiff was served with a copy of a summons and complaint in an action in the municipal court of the Los Angeles Judicial District, entitled "BETTY AGUILAR, plaintiff vs. EMELYN FREEZE," in which allegations were made in support of the right of Betty Aguilar to the occupancy and possession of the property by virtue of the foreclosure sale and the conveyance to her. Plaintiff, "believing that said Action was not meritorious for the reason that she had made all of her payments as aforesaid and could see no reason why any sale of real property should have been made to the said BETTY AGUILAR, failed and neglected to file an Answer to said Complaint in Unlawful Detainer, and a Judgment was subsequently obtained against plaintiff in said Action on the 21st day of May, 1952."

5. Plaintiff is not well versed in legal affairs; and she believed that a judgment obtained by her in the superior court

in an action between the Robinsons and herself, in which the Robinsons were restrained from proceeding with a previous attempted foreclosure, was sufficient protection for her to keep any further foreclosures from taking place or any further attempts to foreclose her interest in the property from taking place, and for that reason, she failed to take the proper steps at the time the summons and complaint were served upon her in the municipal court action. Under the circumstances it would be unfair to permit Salot and Aguilar to profit by the mistake of plaintiff.

The prayer is for a decree setting aside the deed from the trustee to Salot, the sale to Salot, the sale by Salot to Aguilar, and the judgment of the municipal court; and for general relief.

We are reluctantly compelled to hold that the complaint does not state facts sufficient to constitute a cause of action.

We must presume that the municipal court had jurisdiction of the action between Aguilar and plaintiff. (See *Cheatham* v. *Municipal Court*, 112 Cal.App. 114 [296 P. 305]; *American Nat. Bank* v. *Johnson*, 124 Cal.App.Supp. 783 [11 P.2d 916]; 10 Cal.Jur. 10-Yr.Supp. (1947 Rev.) 777, § 84.1, and cases there cited.) We must conclude from the allegations with respect to the averment of the complaint in the municipal court action that it was a proceeding in unlawful detainer. (10 Cal.Jur. 10-Yr.Supp. (1947 Rev.) 777, § 84.1, and cases there cited.) The facts that plaintiff was not in default under the deed of trust, that the note had been fully paid on November 6, 1948, and that she had no notice that the property was to be sold, were available to her as a defense in that proceeding. (*Kraemer* v. *Coward*, 2 Cal. App.2d 506 [38 P.2d 458]; *Harris* v. *Seidell*, 1 Cal.App.2d 410, 414 [36 P.2d 1104]; *Kelsey* v. *Richardson*, 101 Cal.App. 762 [282 P. 515]; *Delpy* v. *Ono*, 22 Cal.App.2d 301, 303 [70 P.2d 960]; *Altman* v. *McCollum*, 107 Cal.App.2d Supp. 847, 853-857 [236 P.2d 914].) The question is whether the judgment of the municipal court is res judicata in this action.

*Seidell* v. *Anglo-California Trust Co.*, 55 Cal.App.2d 913 [132 P.2d 12], was a suit to set aside a trustee's deed to realty for alleged fraud and irregularities in the foreclosure proceeding. The question on appeal was whether a judgment which was rendered in a former proceeding in unlawful detainer was res judicata. The purchaser at the trustee's sale had conveyed the property prior to the proceeding in unlawful detainer. The latter proceeding was brought by a subse-

quent purchaser against the trustor. The judgment in the latter proceeding was for the subsequent purchaser. The court held (pp. 918, 921): "The doctrine of res judicata is applicable to this case. The judgment in the unlawful detainer suit bars the appellants from now contending the trustees' deed to the real property was void on account of the alleged irregularities of procedure in the foreclosure of the deed of trust. The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is conclusive of the rights of the parties thereto and of their privies on all material issues which were tried and determined and upon all issues which might have been properly tendered therein, in all subsequent actions or suits in any tribunal of concurrent jurisdiction involving the same points either directly or incidentally. (*Estate of Clark*, 190 Cal. 354, 360 [212 P. 622]; *Hess* v. *Moodey*, 35 Cal.App.2d 401, 408 [95 P.2d 699]; 15 Cal.Jur. 97, § 166; 2 Freeman on Judgments (5th ed.) 1321, § 627; 15 R.C.L. 973, § 450.) . . .

"In this case the challenged unlawful detainer judgment determined issues tendered by these appellants in their answer which constituted legal defenses of alleged specific violations of the statute in failing to give the notice of sale required by section 2924 of the Civil Code, lack of consideration for the note secured by the trust deed, and other asserted defects going to the validity of the trust deed and note secured thereby, and to the proceedings on the sale of that property under the provisions of the deed. All of those issues of law, as distinguished from equity, affecting the legality of the note, deed of trust and the sale were properly determined against the defendants in that unlawful detention suit."

*Bliss* v. *Security-First Nat. Bank*, 81 Cal.App.2d 50 [183 P.2d 312], was a suit by a trustor to quiet title to realty and to nullify a trustee's sale thereof. Prior to this suit, the purchaser at the trustee's sale had sued the trustor for possession. In the latter proceeding, although the trustor had answered denying the allegations of the complaint, it was stipulated that judgment be entered for the plaintiff. In the Bliss case the court held (p. 58): "But the judgment of the justice's court of Glendale Township is itself sufficient answer to this appeal. After having purchased the property at the trustee's sale Mrs. Grigsby was forced to institute her unlawful detainer action to gain possession of the property which appellant and her husband insisted upon holding

after title had become vested in Mrs. Grigsby. Their answer to the Grigsby complaint created the issue of ownership which at the trial was established to be in Mrs. Grigsby. The doctrine of res judicata is applicable."

■ Plaintiff's failure to appear in the municipal court action was a confession that all the material facts alleged in the complaint in that action were true. (14 Cal.Jur. 887, § 19.) ■ A judgment by default is a complete adjudication of all the rights of the parties embraced in the prayer of the complaint and stands on the same footing as a judgment after answer and trial with respect to issues tendered by the complaint. (15 Cal.Jur. 131, § 186.)

■ "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892].) ■ Having alleged in her complaint in this action that the complaint in the municipal court action contained allegations in support of the rights of Aguilar to the occupancy and possession of the realty by virtue of the foreclosure sale and the conveyance to her, and that Aguilar obtained judgment against her on May 25, 1952, the plea of res judicata is applicable. The issues decided in the municipal court action were identical with the ones presented in this action; the judgment in the municipal court action was a final judgment on the merits; and plaintiff, the party against whom the plea is asserted, was a party to the adjudication of the municipal court.

The judgment in the municipal court action was entered May 21, 1952. The original complaint in the present action was filed October 21, 1952, within six months after the municipal court judgment was entered. The complaint here alleges that immediately after the judgment of the municipal court was obtained, plaintiff placed "the said case" in the hands of her attorney who thereupon conducted an investigation for the purpose of ascertaining what could be done to protect the rights and interests of the plaintiff "in this Action." ■ If the municipal court judgment was taken against plaintiff through her mistake, inadvertence, surprise, or excusable neglect, she could have obtained relief in that action. (Code Civ. Proc., § 473.) If, as alleged, plaintiff

had paid the note in full before the foreclosure and the property was sold without notice to her, she has suffered a great injustice. But having failed to appear in the municipal court action, she is now precluded from asserting matters which. would have been a defense to that action.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied Feb. 5, 1954, and appellant's petition for a hearing by the Supreme Court was denied March 17, 1954.