[Civ. No. 49325. Second Dist., Div. Five. Feb. 15, 1977.]

BARRY G. EVANS, as Trustee, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SCHUYLER ROBBINS et al., Real Parties in Interest.

[And four other cases.]*

*Evans v. Superior Court (Metz) (Civ. No. 49326); Evans v. Superior Court (Brown) (Civ. No. 49327); Evans v. Superior Court (Allard) (Civ. No. 49328); Evans v. Superior Court (Shirley) (Civ. No. 49329).

164

**COUNSEL**

Boyd Lemon and Dennis E. Golob for Petitioner.

No appearance for Respondent.

Douglas D. Gross, Edward Land, Albert & Oliker, Kenneth S. Widelitz, Kaplanis & Grimm, Trevor A. Grimm and Dudley Schmitz for Real Parties in Interest.

**OPINION**

**ASHBY, J.**—The real parties in interest in the above entitled actions are in present possession of various condominium units in a building located at 9000 Cynthia Street. Petitioner has filed unlawful detainer actions

against them in respondent court pursuant to section 1161a, subdivision 3 of the Code of Civil Procedure. Answers to those complaints were filed. Petitioner demurred to the answers. Respondent, on July 27, 1976, overruled the demurrers. The minute orders of that date state that the actions were not truly for unlawful detainer. Thereafter respondent vacated the preferential trial date which had previously been assigned. Petitioner then filed the present petitions for writ of mandamus to compel respondent to vacate its orders of July 27, 1976, to enter new orders sustaining petitioner's demurrers and further, to set the causes for trial pursuant to section 1179a of the Code of Civil Procedure. We issued an alternative writ of mandate and set the matters for hearing.

Although the various actions have not been formally consolidated, they are sufficiently similar to enable us to deal with them in a single opinion. To the extent that pertinent factual differences exist, they will be adverted to below.

### Factual Background

Each of the pending complaints alleges that an entity known as 9000 Cynthia Associates, Ltd., a limited partnership, executed a trust deed on June 6, 1973, conveying the premises to Continental Auxiliary Company as trustee for Bank of America to secure payment of certain indebtedness. It is further alleged that 9000 Cynthia Associates breached its obligations and its default was taken by Continental Auxiliary, after which Bank of America, on January 25, 1975, filed in the official records of Los Angeles County a notice of default and of intention to cause the premises to be sold to satisfy the outstanding obligations. A trustee's sale was held on February 24, 1976. Bank of America was the purchaser at said sale and received a trustee's deed to the premises. Bank of America, for valuable consideration, conveyed title to the premises to petitioner by a corporation grant deed which was recorded on March 23, 1976. Petitioner served a three-day notice to quit the premises on each of the real parties on May 14, 1976, which they failed to obey.

The answers of real parties Robbins, Blake, Robert and Eleanor Metz, Brown and Allard admit possession of the various condominium units, admit that the actions against them were brought pursuant to section 1161a of the Code of Civil Procedure, admit service of a three-day notice to quit and their refusal to surrender the premises, admit the execution of the trust deed by 9000 Cynthia Associates, admit that a foreclosure sale took place after which the trustee conveyed the property to Bank of

America, admit that Bank of America transferred title to the property to petitioner.

By way of affirmative defenses the above-enumerated real parties, with the exception of Brown, allege that they entered into possession of the subject premises pursuant to contracts of sale with 9000 Cynthia Associates, Ltd., which promised them fee title to specified units in the building.[1] that by virtue of said contracts they became equitable owners of the said units, that Bank of America was the escrow holder for the transactions between said real parties and 9000 Cynthia Associates, that during the course of escrow, Bank of America, by failing to give real parties actual notice of the filing of the notice of default or of the imminency of the foreclosure sale and by accepting utility and maintenance charges on the property, caused real parties to believe that Bank of America intended to ratify the contracts of sale between said real parties and 9000 Cynthia Associates. The answers further allege by way of affirmative defense that petitioner, too, engaged in conduct designed to convince real parties that he intended to ratify the contracts under which they entered into possession.

Real party Brown alleges by way of affirmative defense that she is a real estate salesperson for the listing broker for 9000 Cynthia; that petitioner, in September or October 1975, promised to sell her the unit which she occupies if she would perform certain services for him; that she performed the requested services; and that petitioner reiterated his promise to sell her the unit in March 1976, albeit at a higher price, which she agreed to pay; that as a result of petitioner's representations she remained in possession, made maintenance and utility payments on the unit, and managed the subject property, and that petitioner is now estopped to oust her from possession.

Real party Shirley's answer generally denies all of the allegations in the complaint pending against him; he alleges, however, by way of information and belief in his affirmative defenses that Bank of America acquired title from 9000 Cynthia Associates through foreclosure and transferred title thus obtained to petitioner. Shirley's answer further alleges that ownership and development of the premises was a joint venture between Bank of America and 9000 Cynthia, that he occupies

---

[1]The contract under which Robbins and Blake lay claim to the premises was entered into by Robbins on October 1, 1974. The contract under which the Metzes make their claims was entered into on March 15, 1975. Allard's claims are based on a contract dated January 23, 1975.

the premises pursuant to a contract of sale entered into with 9000 Cynthia Associates, that Bank of America, by acceptance of payments after acquisition of title, ratified the said contract, and that petitioner purchased the property with knowledge ·of Shirley's rights and is estopped to assert a superior right of possession or title.

Shirley also filed a cross-complaint against petitioner, Bank of America and 9000 Cynthia Associates for specific performance, declaratory relief and damages wherein he asserts that he entered into a contract with 9000 Cynthia Associates on January 24, 1975, to purchase the premises which he now occupies; that on February 6, 1975, Bank of America demanded that he make all payments due under the contract to it rather than to 9000 Cynthia Associates, that payments were made in excess of those called for by the contract, and that Bank of America, by its acceptance of payments, ratified the contract.

## ISSUES PRESENTED

1. Whether a subsequent purchaser from a purchaser at a foreclosure sale can maintain an unlawful detainer action under subdivision 3 of Code of Civil Procedure section 1161a.

2. Whether the affirmative defenses raised by way of answer and cross-complaint are cognizable in an unlawful detainer action.

## DISCUSSION

### I

Historically a cause of action for unlawful detainer was available only to a landlord against his tenant. (*Hewitt* v. *Justice's Court,* 131 Cal.App. 439 [21 P.2d 641].) The remedy has been expanded by statute to additional categories of plaintiffs (Code Civ. Proc., § 1161) and defendants (Code Civ. Proc., § 1161a). Section 1161a is framed in terms of the events which may give rise to the cause of action and the persons against whom such actions may be brought.[2] It is silent as to who may bring an

---

[2]Section 1161a, Code of Civil Procedure reads as follows:

"In either of the following cases, a person who holds over and continues in possession of real property, after a three-day written notice to quit the same, shall have been served upon him, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162 of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter.

"1. Where the property has been duly sold by virtue of an execution against him, or a

action under the section. The policy behind the statute is clear, however: to provide a summary method of ouster where an occupant holds over possession after sale of the property. That policy would not be served by restricting availability of the action to the original purchaser at a foreclosure sale.

Real parties cite *Cheney* v. *Trauzettel,* 9 Cal.2d 158 [69 P.2d 832], and *Greene* v. *Superior Court,* 51 Cal.App.3d 446 [124 Cal.Rptr. 139], for the proposition that an action pursuant to subdivision 3 of section 1161a of the Code of Civil Procedure can be maintained only by the immediate purchaser at the foreclosure sale. In *Cheney,* however, the action was brought by the purchaser at the foreclosure sale; in *Greene,* there had been no foreclosure sale. Thus, the language upon which real parties rely is strictly dictum.

By contrast, in *Harris* v. *Seidell,* 1 Cal.App.2d 410 [36 P.2d 1104], hearing denied, an action pursuant to subdivision 3 of section 1161a of the Code of Civil Procedure was successfully maintained by the successor in interest of the purchaser at the foreclosure sale, the defendant neither raising nor the court considering the plaintiff's standing to sue under the statute. Similarly, in *Freeze* v. *Salot,* 122 Cal.App.2d 561 [266 P.2d 140], hearing denied, it was taken for granted by the court that an unlawful detainer action was available to a subsequent purchaser from a purchaser at a foreclosure sale. There, Freeze brought suit to set aside a trustee's deed to Salot. The latter had deeded his interest in the property to Aguilar who had already successfully maintained an unlawful detainer action against Freeze. The court held that the judgment in *Aguilar* v. *Freeze* was res judicata against Freeze as to defenses which were available to Freeze in the unlawful detainer action.

Real parties assert that to allow the action to be maintained by a subsequent purchaser from a purchaser at a foreclosure sale would alter

person under whom he claims, and the title under the sale has been duly perfected.

"2. Where the property has been duly sold, upon the foreclosure, by proceedings taken as prescribed in this code, of a mortgage, or under an express power of sale contained therein, executed by him, or a person under whom he claims, and the title under the foreclosure has been duly perfected.

"3. Where the property has been duly sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected.

"4. Where the property has been duly sold by him, or a person under whom he claims, and the title under the sale has been duly perfected."

the summary nature of the remedy. We do not agree. At common law the sole issue in an unlawful detainer action was the right to possession, a tenant being estopped to challenge his landlord's claim of title. The essence of the statutory action, too, is a right to possession and remains summary in character; however, ". . . to the limited extent of proving deraignment of title in the manner expressly provided for in the unlawful detainer statutes themselves the question of title not only may, but must, be tried in such actions . . . ." (*Hewitt* v. *Justice's Court, supra,* 131 Cal.App. 439, 443.) In an action pursuant to section 1161a, subdivision 3, title is in issue to the extent that the plaintiff must prove that a sale was held in compliance with section 2924 of the Civil Code, and that title under such sale was duly perfected. (*Kartheiser* v. *Superior Court,* 174 Cal.App.2d 617 [345 P.2d 135].) Adding the additional requirement that a subsequent purchaser from the foreclosure sale purchaser prove his own acquisition of title from said foreclosure sale purchaser no more destroys the summary nature of the proceedings than does the corresponding requirement that the landlord's successor in estate prove his acquisition of such interest in a proceeding pursuant to section 1161 of the Code of Civil Procedure.

At the hearing before this court on the alternative writ real parties, for the first time, urged that it would be grossly inequitable to allow petitioner to maintain the pending actions because this would enable him to cut off defenses which would have been available to real parties in a suit against them by Bank of America. Upon examination we find this to be essentially a spurious issue. ■ Petitioner has never claimed the status of bona fide purchaser without notice, nor could a subsequent purchaser from a purchaser at a foreclosure sale assert such status against one in open and notorious possession of the premises. (*Manig* v. *Bachman,* 127 Cal.App.2d 216 [273 P.2d 596].) Petitioner does claim that the defenses which real parties seek to raise would have been unavailable to them in an unlawful detainer, had such action been brought by Bank of America; and that is the true issue, as we shall see *infra.*

■ Thus, we find no indication in the statute that the Legislature intended to limit the remedy it affords to the immediate purchaser at a foreclosure sale. We find that the policy the statute is designed to implement would be served by allowing a subsequent purchaser to maintain the action. We find that no alteration in the summary nature of the cause of action would thereby occur, and that the occupant of the premises would not thereby be deprived of otherwise available defenses. We, therefore, hold that a subsequent purchaser from a purchaser at a

foreclosure sale may bring an action pursuant to section 1161a, subdivision 3 of the Code of Civil Procedure.

## II

Real parties dispute petitioner's assertions as to the rationale for respondent's rulings. They claim that respondent concluded that the actions were not truly for unlawful detainer because petitioner is actually attempting to litigate title to the property. The simplest answer to this allegation is that each of the real parties, with the exception of Shirley, admitted in his or her answer that the action was brought pursuant to section 1161a of the Code of Civil Procedure. We need not rely upon those admissions, however. The allegations of the complaints, set forth above, raise no issue of title as between petitioner and real parties. They set forth, purely and simply, a claim to possession based upon the transfer of title by way of foreclosure sale and petitioner's acquisition of title from Bank of America. ▉ Issues of title are raised by real parties in their answers and by Shirley in his cross-complaint. To the extent that these issues are not cognizable in an unlawful detainer action, they cannot transmute a proper complaint for unlawful detainer into a quiet title action. Rather the appropriate remedy is for respondent to sustain the demurrers to the answers and strike the cross-complaint to the extent that they raise issues which cannot be litigated in unlawful detainer, leaving real parties to seek relief by way of separate actions to quiet title or for specific performance. (*Cheney* v. *Trauzettel, supra,* 9 Cal.2d 158, 160.) It therefore remains for us to consider the propriety of real parties' defenses in an unlawful detainer action.

Our starting point in this endeavor is *Cheney* v. *Trauzettel, supra,* wherein the court held that in a summary proceeding for unlawful detainer ". . . the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense. [Citations.] It is true that where the purchaser at a trustee's sale proceeds under section 1161a of the Code of Civil Procedure he must prove his acquisition of title by purchase at the sale; but it is only to this limited extent, as provided by the statute, that the title may be litigated in such a proceeding. [Citations.] . . . Irrespective of the merits of the defenses raised by the answer, the alleged equitable grounds of attack on plaintiff's title have no place in the present summary proceeding, for if such issues are permissible, the proceeding entirely loses its summary character. In our opinion the plaintiff need only prove a sale in compliance with the statute and deed of trust,

followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment." (9 Cal.2d at pp. 159, 160.)

■ The defenses noted above raised by each of the real parties, other than Brown, are inappropriate in an unlawful detainer action, as is Shirley's cross-complaint. (*MCA, Inc.* v. *Universal Diversified Enterprises Corp.,* 27 Cal.App.3d 170, 176 [103 Cal.Rptr. 522].) Not only do they raise questions of title unrelated to compliance with section 2924 of the Civil Code, but they raise issues which would have been unavailable to their predecessor in interest, 9000 Cynthia Associates, the maker of the trust deed.

Real parties are not left without a remedy. The issues which they seek to litigate can be pursued by way of quiet title actions. (*Cheney* v. *Trauzettel, supra,* 9 Cal.2d 158, 161.) Those issues not being cognizable in unlawful detainer, the judgments in the pending matters will not be res judicata as to them. (*Gonzales* v. *Gem Properties, Inc.,* 37 Cal.App.3d 1029 [112 Cal.Rptr. 884].) Nor is the pendency of the unlawful detainer actions a bar to the simultaneous maintenance of quiet title actions. (*Byrne* v. *Baker,* 221 Cal.App.2d 1 [34 Cal.Rptr. 178]; *Kartheiser* v. *Superior Court, supra,* 174 Cal.App.2d 617.)

■ The contentions raised by real party Brown, however, differ from those raised by the other real parties. She bases her claim to possession not upon a contract between herself and 9000 Cynthia Associates but upon a purported express contract between herself and petitioner. If she can prove this contention she would not be a proper defendant in an action under subdivision 3 of section 1161a, being neither the executor of the trust deed nor a person claiming under him. Her answer thus raises a triable issue of fact in the pending action.

Let a peremptory writ of mandate issue directing respondent: (a) to vacate that portion of its order of July 27, 1976, overruling petitioner's demurrers to the answers of real parties Robbins, Blake, Robert and Eleanor Metz, Allard and Shirley in superior court cases numbered WEC 43081, WEC 43083, WEC 43085, and WEC 43086 respectively; (b) to enter new and different orders in said cases sustaining petitioner's demurrers to said answers and striking the cross-complaint of real party

Shirley; and (c) to set the cause of action in case No. WEC 43084, against real party Brown, for trial forthwith pursuant to section 1179a of the Code of Civil Procedure.

Stephens, Acting P. J., and Hastings, J., concurred.