Filed 12/22/14  Stevens v. Santa Barbara Sheriff's Office CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LINDA STEVENS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SANTA BARBARA COUNTY<br>SHERIFF'S OFFICE et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B255986<br>(Super. Ct. No. 1439372)<br>(Santa Barbara County) |

Linda Stevens appeals from a judgment on demurrer to her taxpayer's suit against respondents, Santa Barbara County Sheriff's Office (SBCO), Sheriff Bill Brown, Santa Barbara County Clerk Recorder's Office, County Clerk/Recorder Joseph E. Holland, and county clerk/recorder employees Melinda Greene and Mary Rose Bryson.  Appellant claims that she was wrongfully evicted after her home was sold at a trustee's sale.  The complaint is brought under the guise of a taxpayer suit statute (Code Civ. Proc., § 526a)[1] and collaterally attacks the trustee's sale and unlawful detainer judgment.  The trial court

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.  Section 526a provides in pertinent part: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county . . . may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or within one year before the commencement of the action, has paid, a tax therein."

sustained, without leave to amend, respondents' demurrer to the action and an identical complaint filed by co-owner Richard A. Stevens in *Richard A. Stevens v. Santa Barbara County Sheriff's Office et al.,* Santa Barbara County, Sup. Ct., No. 1439438. We affirm. (*Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 280-282 (*Garfinkle*).) This appeal, and a similar spate of appeals in what is known as the Santa Barbara foreclosure cases, is frivolous. (See *Lyons v. Santa Barbara County Sheriff's Office (*Dec. 3, 2014, B256041) ___ Cal.App.4th ___ [2014 DJDAR 15971].)

On March 15, 2011, appellant's home at 8849 Vereda Del Padre, Goleta was sold at a trustee's sale after appellant defaulted on a $729,750 deed of trust. Following the sale, a writ of possession issued in an unlawful detainer action to evict appellant.

Appellant filed a taxpayer's action alleging that fraudulent mortgage documents were recorded to foreclose on the property. The complaint states the mortgage documents were submitted in the unlawful detainer proceeding "to procure a claim of 'perfected' title by a lender, its purported successor or another foreclosing entity which has unlawfully evicted [appellant]."

The trial court sustained the demurrer on the ground that no cause of action was stated: "[T]he parties that you're suing, the Sheriff and the County Recorder have mandated statutory duties. The County Recorder can't look through a document and say, 'Oh, this is a fraudulent document, I'm not going to file it.' They're statutorily mandated, statutorily required to accept the documents. So because of that, that's not a basis for a lawsuit against the County Recorder. And similarly, the Sheriff, when the Sheriff serves the writ of execution is doing so by order of the Court and so the Sheriff is mandated to go out and serve the writ of execution, otherwise the Sheriff is in contempt of court."

*Taxpayer Action*

On review, we exercise our independent judgment to determine whether a cause of action has been stated under any legal theory. (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 509.) We accept as true properly pleaded allegations of material fact, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Section 526a permits a taxpayer action to

2

enjoin illegal governmental activity or the illegal expenditure/waste of public funds. (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 449; see *Blair v. Pitchess* (1971) 5 Cal.3d 258, 268 [taxpayer suit to enjoin sheriff from expending public funds to enforce unconstitutional claim and delivery law].) A taxpayer action does not lie where the challenged governmental conduct is legal. (*Coshow v. City of Escondino* (2005) 132 Cal.App.4th 687, 714; *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027.)

Appellant's complaint is outside the purview of section 526a and collaterally attacks the unlawful detainer judgment. (4 Witkin, Cal. Procedure (3d ed. 2008) Pleading, § 169, p. 235; *Gould v. People* (1976) 56 Cal.App.3d 909, 922-923.) Appellant is also precluded from bringing a taxpayer action to set aside the trustee's sale. (*Smith v. Allen* (1968) 68 Cal.2d 93, 96 [properly conducted foreclosure sale constitutes a final adjudication of rights of borrower and lender].) But that is what the complaint prays for: a judgment restoring the property to appellant. It prays for an injunction enjoining respondents from recording, issuing, maintaining, and disseminating fraudulent title documents that "unlawfully encumbered the title rights of Plaintiff" and "have already been used to oust Plaintiff from Plaintiff's home without due process of law." Appellant asserts that a foreclosure, followed by an unlawful detainer judgment, is a violation of the takings clause under the federal constitution. The argument fails because a nonjudicial foreclosure is not state action or subject to the due process clauses of the federal and state constitutions. (*I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 286-287; *Garfinkle v. Superior Court, supra,* 21 Cal.3d at pp. 280-282 (*Garfinkle*); 4 Miller & Starr (3d ed. 2011) Cal. Real Estate, § 10:223, pp. 10-827 to 10-828.) In *Garfinkle,* our State Supreme Court held that the power of sale arises from contract (i.e., the mortgage or deed of trust) and that the regulation of trustee's sales is designed to restrict creditor behavior. (*Id.*, at pp. 278-279.) The ministerial role of the county recorder in a trustee's sale is not state action. (*Id.*, at p. 280.) "The fact that a purchaser who has acquired rights by virtue of a trustee's deed, like a party who has acquired rights under any other type of contract, may have a right to resort to the courts in order to enforce such previously acquired contractual rights when that becomes

necessary, is not sufficient to convert the acts creating these contractual rights into state action. For to hold otherwise, would be to subject every private contract to review under the Fourteenth Amendment. [Citation.]." (*Ibid.*)

California's statutory regulation of nonjudicial foreclosures does not convert the actor's conduct (i.e., the foreclosing lender) into state action. (See *Jackson v. Metropolitan Edison Co.* (1974) 419 U.S. 345, 357 [42 L.Ed.2d 477, 487-488]; *Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 428-429 [Civil Code section 2924 does not violate debtor's due process rights].) "The decision whether to exercise the power of sale is a determination to be made by the creditor. The statutes [i.e., Civil Code section 2924] merely restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclosure the deed of trust in that manner. [Citations.]" (*Garfinkle, supra,* 21 Cal.3d at pp. 278-279; see also *U.S. Hertz, Inc. v. Niobrara Farms* (1974) 41 Cal.App.3d 68, 87.)

### Post-Foreclosure Action to Obtain Writ of Possession

Appellant argues that Civil Code section 2924, subdivision (a) requires that the trustee obtain a court order or judgment *before the trustee's sale* and that such an order/judgment is a prerequisite to an unlawful detainer action. This misstates the law.[2] Where the trustor holds over after the trustee's sale, an unlawful detainer action must be brought to evict the trustor (§ 1161a, subd. (b)(3)). The purchaser must show that he/she acquired the property at a regularly conducted sale in accordance with Civil Code section 2924 "and that title under such sale was duly perfected. [Citation.]" (*Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 953; see also *Evans v. Superior Court*

---

[2] Section 2924, subdivision (a) provides that a power of sale may not be exercised until the trustee, mortgagee or beneficiary records a notice of default as specified by law. Excepted from the notice of default procedure, are mortgages or transfers "made pursuant to an order, judgment or decree of a court of record. . . ." (Civ. Code, § 2924, (subd. (a); see 27 Cal. Jur.3d. (2011) Deeds of Trust § 268, p. 304.) For example, an equitable mortgage or mortgage without a power of sale can only be foreclosed by judicial action. (4 Miller & Starr, Cal. Real Estate, *supra,* § 10.1, p. 10-18.) Appellant's deed of trust, however, grants the trustee a power of sale.

(1977) 67 Cal.App.3d 162, 169 [unlawful detainer action by subsequent purchaser].) The allegation that section 2924, subdivision (a) is not being enforced in post-foreclosure unlawful detainer actions does not state a cause of action. (4 Witkin, Cal. Procedure, *supra,* Pleading, § 169, p. 235.) "Neither section 526a nor the common law provides a basis for suits by collateral parties to determine the correctness of a judge's action in a particular case because to do so would violate the state Constitution. [Citation.] To hold otherwise, would create the absurd and chaotic situation where an officious and irate stranger to any action with a personal ax to grind could file a collateral action against a judge under the guise of a taxpayer's suit contesting the outcome of any civil or criminal action in which he believed the trial court ruled erroneously." (*Gould v. People, supra,* 56 Cal.App.3d at p. 922, fn. omitted.)

*Conclusion*

Appellant's remaining arguments have been considered and merit no further discussion. The trial court sustained the demurrer because appellant was suing the wrong person. Appellant makes now showing that the trial court was biased or denied appellant due process of law. (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 926.) Leave to amend is properly denied where, under the substantive law, no liability exists and the plaintiff fails to make a prima facie showing that the complaint can be amended to state a cause of action. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

The judgment is affirmed with costs to respondents.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Linda Stevens, in pro per, Appellant.


Michael C. Ghizzoni, County Counsel, County of Santa Barbara, Lisa A. Rothstein, Senior Deputy, for Respondents.