Filed 3/17/15  Stevens v. Santa Barbara County Sheriff's Office CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| DONDI. STEVENS, | 2d Civil No. B259070 |
| Plaintiff and Appellant, | (Super. Ct. No. 1439876) |
| | (Santa Barbara County) |
| v. | |
| SANTA BARBARA COUNTY SHERIFF'S OFFICE et al., | |
| Defendants and Respondents. | |

Dondi Stevens brings a taxpayer's suit against respondents, Santa Barbara County Sheriff's Office (SBCO), Sheriff Bill Brown, Santa Barbara County Clerk Recorder's Office, County Clerk/Recorder Joseph E. Holland, and county clerk/recorder employees Melinda Greene and Mary Rose Bryson, based on the theory that his house was illegally sold at a trustee's sale and he will be wrongfully evicted at some point in the future.  The trial court sustained a demurrer without leave to amend.  We affirm. (*Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 280-282 (*Garfinkle*).)  The complaint is a wrongful foreclosure action, brought under the guise of a taxpayer suit statute (Code Civ. Proc., § 526a)[1] to collaterally attack the trustee's sale and unlawful detainer judgment.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated. Section 526a provides in pertinent part: "An action to obtain a judgment, restraining and

On September 27, 2011, appellant's house at 1248 North San Marcos Road, Santa Barbara was sold at a trustee's sale after appellant defaulted on a $520,000 deed of trust. Following the sale, an unlawful detainer action was brought to evict appellant.

Appellant filed a taxpayer's action alleging that fraudulent mortgage documents were recorded to foreclose on the property. The complaint states that the mortgage documents were submitted in the unlawful detainer proceeding "to procure a claim of 'perfected' title by a non-existent lender, its purported successor or another foreclosing entity" and that a writ of possession/writ of eviction will be served by the sheriff sometime in the future.

The trial court sustained the demurrer on the ground that respondents are following statutory mandates to record the documents (Gov. Code, § 27201, subd. (a)) and serve any writ of possession that issues in the unlawful detainer proceeding. (Code Civ. Proc., § 712.030, subd. (a).) The trial court ruled that appellant "has not pled facts constituting an illegal expenditure of, waste of, or injury to, the estate, funds or other property of the county. . . ."

*Taxpayer Action*

On review, we accept as true properly pleaded allegations of material fact, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Section 526a permits a taxpayer action to enjoin illegal governmental activity or the illegal expenditure/waste of public funds. (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 449; see *Blair v. Pitchess* (1971) 5 Cal.3d 258, 268 [taxpayer suit to enjoin sheriff from expending public funds to enforce unconstitutional claim and delivery law].) A taxpayer action does not lie where the challenged governmental conduct is legal.

---

preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county . . . may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or within one year before the commencement of the action, has paid, a tax therein."

(*Coshow v. City of Escondino* (2005) 132 Cal.App.4th 687, 714; *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027.)

Here the complaint is outside the purview of section 526a and collaterally attacks the unlawful detainer judgment. (4 Witkin, Cal. Procedure (3d ed. 2008) Pleading, § 169, p. 235; *Gould v. People* (1976) 56 Cal.App.3d 909, 922-923.) Appellant may not bring a taxpayer action to set aside the trustee's sale. (*Smith v. Allen* (1968) 68 Cal.2d 93, 96 [properly conducted foreclosure sale constitutes a final adjudication of the rights of borrower and lender].) But that is what appellant is suing for -- an order declaring the unlawful detainer proceeding null and void, and a judgment restoring the property to appellant. The complaint prays for an injunction enjoining respondents from "recording, issuing, maintaining, and disseminating fraudulent title documents which has unlawfully encumbered the title rights of Plaintiff and others similarly situated." The argument fails because a nonjudicial foreclosure is not state action or subject to the due process clauses of the federal and state constitutions. (*I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 286-287; *Garfinkle, supra,* 21 Cal.3d at pp. 280-282; 4 Miller & Starr (3d ed. 2013) Cal. Real Estate, § 10:223, pp. 10-827 to 10-828.) In *Garfinkle,* our State Supreme Court held that the power of sale arises from contract (i.e., the mortgage or deed of trust), and that the regulation of trustee's sales is designed to restrict creditor behavior. (*Garfinkle, supra,* 21 Cal.3d at pp. 278-279.) The ministerial role of the county recorder in a trustee's sale is not state action. (*Id.,* at p. 280.) "The fact that a purchaser who has acquired rights by virtue of a trustee's deed, like a party who has acquired rights under any other type of contract, may have a right to resort to the courts in order to enforce such previously acquired contractual rights when that becomes necessary, is not sufficient to convert the acts creating these contractual rights into state action. For to hold otherwise, would be to subject every private contract to review under the Fourteenth Amendment. [Citation.]." (*Ibid.*.)

California's statutory regulation of nonjudicial foreclosures does not convert the actor's conduct (i.e., the foreclosing lender) into state action. (See *Jackson v.*

3

*Metropolitan Edison Co.* (1974) 419 U.S. 345, 357 [42 L.Ed.2d 477, 487-488]; *Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 428-429 [Civil Code section 2924 does not violate debtor's due process rights].) "The decision whether to exercise the power of sale is a determination to be made by the creditor.  The statutes [i.e., Civil Code section 2924] merely restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclosure the deed of trust in that manner. [Citations.]"  (*Garfinkle*, *supra,* 21 Cal.3d at pp. 278-279; see also  *U.S. Hertz, Inc. v. Niobrara Farms* (1974) 41 Cal.App.3d 68, 87.)

### *Post-Foreclosure Action to Obtain Writ of Possession*

Appellant argues that Civil Code section 2924, subdivision (a) requires that the trustee obtain a court order or judgment *before the trustee's sale* and that such an order/judgment is a prerequisite to an unlawful detainer action.  This misstates the law.[2] Where the trustor holds over after the trustee's sale, an unlawful detainer action must be brought to evict the trustor (§ 1161a, subd. (b)(3)).  The purchaser must show that he/she acquired the property at a regularly conducted sale in accordance with Civil Code section 2924 "and that title under such sale was duly perfected.  [Citation.]"  (*Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 953; see also *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 169 [unlawful detainer action by subsequent purchaser].)  The allegation that section 2924, subdivision (a) is not being enforced in post-foreclosure unlawful detainer actions does not state a cause of action.  (4 Witkin, Cal. Procedure, *supra,* Pleading, § 169, p. 235.)  "Neither section 526a nor the common

---

[2] Section 2924, subdivision (a) provides that a power of sale may not be exercised until the trustee, mortgagee or beneficiary records a notice of default as specified by law. Excepted from the notice of default procedure, are mortgages or transfers "made pursuant to an order, judgment or decree of a court of record. . . ." (Civ. Code, § 2924, (subd. (a); see 27 Cal. Jur.3d. (2011) Deeds of Trust § 268, p. 304.)  For example, an equitable mortgage or mortgage without a power of sale can only be foreclosed by judicial action. (4 Miller & Starr,  Cal. Real Estate, *supra,* § 10.1, p. 10-18.)  Appellant's deed of trust, however, "irrevocably grants" the trustee a power of sale.

4

law provides a basis for suits by collateral parties to determine the correctness of a judge's action in a particular case because to do so would violate the state Constitution. [Citation.] To hold otherwise, would create the absurd and chaotic situation where an officious and irate stranger to any action with a personal ax to grind could file a collateral action against a judge under the guise of a taxpayer's suit contesting the outcome of any civil or criminal action in which he believed the trial court ruled erroneously." (*Gould v. People, supra,* 56 Cal.App.3d at p. 922, fn. omitted.)

*Conclusion*

Appellant makes no showing that the complaint can be amended to state a cause of action. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) Respondents argue that the action is nearly identical to the taxpayer suit in *Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499 which was deemed to be frivolous on appeal. (*Id.*, at p. 1502.) Respondents request that $100 sanctions by imposed for prosecuting a frivolous appeal. (Code Civ. Proc., § 907; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) The sanctions request appears in respondent's brief, not by motion with supporting declaration, and is denied. (See Cal. Rules of Court, rule 8.276(b)(1); *Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858-859; *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.)

The judgment is affirmed. Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____


Dondi Stevens, in pro per. Appellant.


Michael C. Ghizzoni, County Counsel, County of Santa Barbara; Lisa a. Rothstein, Senior Deputy, for Respondent.